IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HARRY SARGEANT, III,

      Plaintiff,

vs.

HARRY SARGEANT, JR., DANIEL
SARGEANT, JAMES SARGEANT,
STEPHEN L. ROOS, ANTHONY D.　　　　　　　CASE NO.: 2013-CA-010505
MYERS, SARGEANT BULKTAINERS,
INC., GLOBAL ASPHALT LOGISTICS
AND TRADING, LLC, GLOBAL
ASPHALT LOGISTICS AND TRADING
SAGL, a Swiss company, SARGEANT
TRADING, LTD., ASPHALT CARRIER
SHIPPING COMPANY LIMITED,
ASPHALT JAVA SEA CORP., a
Marshall Islands Corporation, and JAVA
SEA NAVIGATION PTE LTD.

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

    Plaintiff, HARRY SARGEANT, III, brings this action against Defendants HARRY

SARGEANT, JR., DANIEL SARGEANT, JAMES SARGEANT, STEPHEN L. ROOS,

ANTHONY MYERS, SARGEANT BULKTAINERS, INC., GLOBAL ASPHALT LOGISTICS

AND TRADING, LLC, GLOBAL ASPHALT LOGISTICS AND TRADING SAGL, a Swiss

company, SARGEANT TRADING, LTD., ASPHALT CARRIER SHIPPING COMPANY

LIMITED, ASPHALT JAVA SEA CORP., a Marshall Islands Corporation, and JAVA SEA

NAVIGATION PTE LTD.

1

## INTRODUCTION

1.      This action is brought by Plaintiff Harry Sargeant, III ("Plaintiff" or "Plaintiff Sargeant"), for damages and an accounting stemming from an elaborate and pervasive scheme to defraud Plaintiff and to loot the assets and profits of Sargeant Trading, Ltd. ("Sargeant Trading" or the "Company").

2.      Plaintiff Sargeant formed and built the Company into a highly profitable global enterprise only to later be the subject of Defendants' fraudulent conspiracy.  The Defendants acted and continue to act in concert to cheat Plaintiff Sargeant, their principal benefactor, and to cart off the corporate opportunities and profits Plaintiff Sargeant worked for decades to provide.

3.      The Defendants' fraudulent conduct set forth herein deprived and continues to deprive Plaintiff Sargeant of his rightful share of the profits and corporate opportunities he created for the Defendants.  In addition, Plaintiff Sargeant has been and continues to be exposed to liability for the Defendants' wrongful acts.

4.      Defendant Dan Sargeant, aided by the remaining Defendants, orchestrated an ongoing scheme to siphon off millions of dollars in personal expenses, expenses wholly unrelated to Sargeant Trading's business, and to conceal this scheme by causing such personal expenses to be fraudulently recorded as general and administrative expenses attributable to Sargeant Trading.  Such scheme is ongoing.

5.      In addition to engaging in and/or contributing to this fraudulent activity, the Defendants commenced on a scheme to misappropriate the corporate opportunities of Sargeant Trading by forming a new entity (which did not include Plaintiff Sargeant as a shareholder) and transferring such opportunities to the new entity.

6.      As a direct result of the fraudulent and otherwise unlawful actions described in this Complaint, Plaintiff Sargeant has suffered substantial injury.

2

**THE PARTIES**

7.  Plaintiff Harry Sargeant, III ("Plaintiff Sargeant") is an individual residing at 1420 North Ocean Boulevard, Gulfstream, Florida 33483.

8.  Defendant Harry Sargeant, Jr. ("Sargeant Junior") is an individual residing at 400 SE 5th Avenue, #N803, Boca Raton, Florida 33432-5525.

9.  Defendant Daniel Sargeant ("Dan Sargeant") is an individual residing at 2101 Spanish River Rd., Boca Raton, Florida 33432-8552.

10.  Defendant James Sargeant ("James Sargeant") is an individual residing at 258 Venetian Dr., Delray Beach, Florida 33483-6810.

11.  Defendant Stephen L. Roos ("Roos") is an individual residing at 5650 Lake Osborne Drive, Lake Worth, Florida 33461.

12.  Defendant Anthony D. Myers ("Myers") is an individual residing at 7935 Talavera Place, Delray Beach, Florida 33446.

13.  Defendant Anthony D. Myers ("Myers") is an individual residing at 7935 Talavera Place, Delray Beach, Florida 33446.

14.  Defendant Sargeant Trading, Ltd. ("Sargeant Trading"), is an international business company organized under the International Business Companies Act of the Commonwealth of the Bahamas.

15.  Defendant Global Asphalt Logistics and Trading LLC ("GALT Florida") is a limited liability company organized under the laws of Florida, with its primary place of business at 1732 Northeast 26th Street, Wilton Manors, Florida 33305.

16.  Defendant Global Asphalt Logistics and Trading SAGL ("GALT Switzerland") is a business entity organized under the laws of Switzerland, with its primary place of business at

3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.  Collectively, GALT Florida and GALT Switzerland shall be referred to as the "GALT Entities."

17.     Defendant Sargeant Bulktainers, Inc. ("Bulktainers") is a corporation organized under the laws of Florida, with its primary place of business at 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.

18.     Defendant Asphalt Carrier Shipping Company Limited is a Marshall Islands Corporation with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

19.     Defendant Asphalt Java Sea Corporation is a Marshall Island Corporation with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

20.     Defendant Java Sea Navigation Pte Ltd, is a Singapore company with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

**JURISDICTION AND VENUE**

21.     This Court has jurisdiction over this action as the amount in controversy exceeds $15,000, exclusive of costs and interest.

22.     This Court has jurisdiction over GALT Switzerland, Asphalt Carrier Shipping Company Limited, Asphalt Java Sea Corporation and Java Sea Navigation Pte Ltd pursuant to section 48.193, Florida Statutes, because their principal places of business are located in Palm Beach County, Florida, such Defendants have engaged in the acts described herein in the State of Florida and within this judicial circuit, and such Defendants therefore have sufficient minimum contacts with the state of Florida and this judicial circuit.

23.     Additionally, venue is appropriate in Palm Beach County as Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Roos, and Myers all reside in Palm Beach County,

Florida, and GALT Florida is a Florida corporation with a principal address in Wilton Manors, Broward County, Florida.

## FACTUAL ALLEGATIONS

### I.    Plaintiff's Formation of Sargeant Trading

24.    Plaintiff Sargeant organized Sargeant Trading in 1989 for the purpose of establishing a global asphalt trading company.  The initial shareholders of Sargeant Trading were Plaintiff Sargeant, Sargeant Junior, Dan Sargeant, and James Sargeant (collectively referred to as the "Sargeant Family" for purposes of this Complaint).

25.    Plaintiff Sargeant managed the day-to-day operations of Sargeant Trading and transformed Sargeant Trading into a highly  profitable global enterprise, engaging in the world-wide storage, transportation, and sale of asphalt and other petroleum-based products.  Through Plaintiff Sargeant's management, Sargeant Trading far exceeded the success of other business activities in which the Sargeant Family was and has been engaged.

26.    At all times relevant to this Complaint, Plaintiff Sargeant has been a shareholder with a beneficial minority ownership in Sargeant Trading.  The other beneficial owners of Sargeant Trading are Sargeant Junior, Dan Sargeant, and James Sargeant (collectively Defendants Sargeant Junior, Dan Sargeant and James Sargeant shall be referred to as "the Defendant Sargeants").

27.    Sargeant Trading is the parent of several wholly owned subsidiaries that support the primary purpose of Sargeant Trading.  Sargeant Bulktainers is the administrative arm of Sargeant Trading in the United States, managing funds on behalf of Sargeant Trading and distributing funds to Sargeant Trading subsidiaries and affiliated companies.  The majority owners of Sargeant Bulktainers are the Defendant Sargeants.

## II.    Transfer of Sargeant Trading's Management to the Defendant Sargeants

28.    In 2007, eighteen years after founding and building the Company into a global empire, Plaintiff Sargeant disengaged from active participation in the management of Sargeant Trading due to his other significant business and personal commitments.

29.    Following Plaintiff Sargeant's disengagement from active participation in Sargeant Trading, and resignation as a Sargeant Trading board member, Defendant Roos became the Chief Financial Officer ("CFO") of Sargeant Trading.  Defendant Myers manages operations for Sargeant Trading.

30.    The Defendant Sargeants are the sole Board members of Sargeant Trading.

## III.    The Fraud Begins

31.    In late 2011, after becoming concerned about the finances of Sargeant Trading and extraordinarily high overhead, Plaintiff Sargeant requested detailed financial information from Defendant Roos.  After Plaintiff Sargeant was provided certain financial information, Plaintiff Sargeant discovered a startling number of personal expenses paid on behalf of Dan Sargeant with the apparent consent of the Defendant Sargeants and Roos, the Company's CFO. Attempts by Plaintiff Sargeant to gain accurate information regarding the nature and amounts of these personal expenses were consistently frustrated by Sargeant Junior, Dan Sargeant, and Roos.

32.    Such personal expenses were not recorded on the books of Sargeant Trading as distributions to Dan Sargeant, but were instead fraudulently represented as "general and administrative expenses."

33.    In the fall of 2011, Plaintiff demanded an accounting of Sargeant Trading finances.

34.     In April 2012, Defendant Roos furnished limited financial documentation to Plaintiff Sargeant's attorney that revealed a stunning pattern of waste and conversion of corporate assets for the personal gain of certain Defendants.  Such financial documentation revealed that in excess of $6.5 million had been misdirected from Sargeant Trading to Dan Sargeant for the purpose of advancing the international cart racing activities of Dan Sargeant's two minor sons, the grandsons of Sargeant Junior.  The documentation revealed that such expenses were again fraudulently reported as general and administrative expenses in an attempt to conceal the true nature of these expenses from Plaintiff Sargeant and others, and in an apparent attempt to avoid taxation on such expenses.

35.     Sargeant Trading's financial documents further reveal a startling amount of first-class international travel expenses for Dan Sargeant, his wife, sons, and their friends, as well as substantial expenses related to the general financing of Dan Sargeant's racing operation.  These expenses were unrelated to any business or corporate purpose of Sargeant Trading.  Such personal expenses were likewise intentionally and fraudulently reported as general and administrative expenses in an attempt to conceal the true nature of these expenses from Plaintiff Sargeant and others, and in an apparent attempt to avoid taxation on such expenses.

36.     On information and belief, many millions of dollars in addition to those noted above, have been siphoned from Sargeant Trading through Sargeant Bulktainers and misdirected to support the lifestyle of Dan Sargeant, aided and abetted by Sargeant Junior, James Sargeant and Roos.

37.     Many of the personal expenditures made by Dan Sargeant, and improperly paid for with Sargeant Trading funds, were used to purchase items for Dan Sargeant's personal

enjoyment, including racing cars, custom travel trailers, motorcycles, airboats, a video arcade, bar, and a dance floor, all housed in two airline hangar sized facilities.

38.    The Defendant Sargeants and Roos have additionally caused to be purchased and furnished, through the use of Sargeant Trading funds or assets, lavish hunting camps which operate as retreats for their private enjoyment.

39.    On information and belief, the funds utilized by the Defendant Sargeants and Roos to support Dan Sargeant's extravagant lifestyle were transferred from Sargeant Trading to Sargeant Bulktainers as a result of inflated or fraudulent billing practices by Sargeant Bulktainers over a period of years.  These practices included payments to Sargeant Bulktainers for services that Sargeant Bulktainers did not provide, and Sargeant Bulktainers then wrongfully transferred these payments to Dan Sargeant for his personal expenses.  These *ultra vires* expenditures bear no relation to the business purpose of Sargeant Trading and were made to the detriment of Plaintiff Sargeant and Sargeant Trading and its subsidiaries.

40.    Dan Sargeant formed companies named "Asphalt Charters Holdings Limited" and "Caribbean Charters Holdings Limited," which were nothing more than holding companies for Dan Sargeant's personal yacht and other family watercraft, to disguise payments from Sargeant Bulktainers to the entities as business expenses.

41.    In part to conceal this fraud, and in derogation of their fiduciary duties to Plaintiff Sargeant, the Defendant Sargeants have conducted the corporate affairs of Sargeant Trading and Sargeant Bulktainers without allowing Plaintiff Sargeant's participation.

**IV.    The Fraud Expands and the GALT Entities Are Created**

42.    In January 2012, after Plaintiff Sargeant began questioning the out of control expenditures and misappropriation of funds occurring at Sargeant Trading, the Defendant

Sargeants embarked upon a secret scheme to defraud Plaintiff Sargeant of his interest in Sargeant Trading.

43.     As part of that scheme, on January 25, 2012, the Defendant Sargeants formed GALT Switzerland, which was registered by the Treasurer of Sargeant Trading, with the Defendants Sargeant as the managers and directors, with their Florida addresses listed.  On February 15, 2012, the Defendant Sargeants created GALT Florida, with Roos as registered agent and with the same address as Sargeant Trading  Five days later, a corrected filing was submitted that changed the address of GALT Florida and listed a new registered agent, in an attempt to conceal the Defendants' fraudulent creation of the GALT Entities.  The GALT Entities and related entities were formed with the specific purpose and intent to steal the corporate opportunities of Sargeant Trading and deny Plaintiff Sargeant any portion of the profits he would have been entitled to given his ownership in Sargeant Trading.  The Defendant Sargeants did so in an attempt to retain the revenue generated by the business built and managed for two decades by Plaintiff Sargeant.  In fact, many former Sargeant Trading employees are now employees of the GALT Entities or companies related to the GALT Entities, and the former offices of Sargeant Trading are now occupied by the GALT Entities.

44.     The existence of the GALT Entities only became known to Plaintiff Sargeant late in 2012 through an email from a Sargeant Trading employee that inadvertently included his GALT signature line instead of his Sargeant Trading signature line.

45.     From the inception of the GALT Entities through the present date, the Defendant Sargeants have systematically diverted millions of dollars in business opportunities from Sargeant Trading to the GALT Entities, transferred current contracts and associated revenue to the GALT Entities, and have severed business relationships between Sargeant Trading and

longstanding customers, while servicing such customers through the GALT Entities or related companies. This pillaging of corporate opportunities has occurred as recently as June 2013, and will continue indefinitely until the Defendants are forced to cease their unlawful activities. In fact, a review of Sargeant Trading financial documentation demonstrates a number of large transfers of funds to offshore companies such as Sargeant Europe Coöperatief U.A., a company organized in the Netherlands and previously unknown to Plaintiff Sargeant.

46.     To support the systematic stripping of value from Sargeant Trading to the GALT entities and other entities related to the Defendant Sargeants, the Defendant Sargeants and Roos have utilized Sargeant Trading vessels to transport asphalt cargos for which contracts were executed in the names of the GALT Entities or related companies, but which should have been purchased and sold in the name of Sargeant Trading.

## V.     The Sham Asphalt Carrier Transaction

47.     Sargeant Trading funded and owns a majority interest in Asphalt Carrier Shipping Company Limited ("Asphalt Carrier Shipping") an entity formed for the purpose of building a specialized oceangoing vessel, the M/V ASPHALT CARRIER, for use by Sargeant Trading. The Defendant Sargeants and Roos have failed to account to Sargeant Trading for its interest in Asphalt Carrier Shipping and, on information and belief, the Defendant Sargeants and Roos have diverted and continue to divert monies owed to Sargeant Trading, or Sargeant Trading's equity in Asphalt Carrier Shipping, to the GALT Entities or related companies.

48.     The Defendant Sargeants are actively working to refinance and/or sell the M/V ASPHALT CARRIER, and intend to misappropriate proceeds from the refinancing and/or sale of the vessel by diverting the funds either to the GALT Entities, related entities, or to personal expenses for the Defendant Sargeants.

49.     In March 2013, to facilitate Defendants' ongoing attempt to defraud Plaintiff Sargeant and Sargeant Trading and deprive Plaintiff Sargeant and Sargeant Trading of funds, assets, and value owing to Plaintiff Sargeant and Sargeant Trading, Plaintiff Sargeant was removed as a member of the ACSCL board.

50.     ACSCL now intends to sell the M/V ASPHALT CARRIER to Asphalt Java Sea Corporation (the "Vessel Transaction"), a related company controlled by the Defendant Sargeants, and Daniel Sargeant in particular, and in which neither Plaintiff Sargeant, nor Sargeant Trading has an interest.

51.     Defendant Java Sea Navigation Pte Ltd. is additionally identified as a buyer in the Vessel Transaction.

52.     The Vessel Transaction was scheduled to close on July 8, 2013, without notice to all of ACSCL's shareholders, but was purportedly delayed by the filing of the initial complaint in this proceeding.

53.     The Vessel Transaction values the M/V ASPHALT CARRIER at a fraction of its true value, and therefore will not provide fair compensation to ACSCL and its shareholders.

54.     Because Sargeant Trading is a majority owner of ACSCL, and because the Defendant Sargeants control Sargeant Trading, any ACSCL shareholder vote will be approved as part of the Defendants' scheme described herein.

55.     On information and belief, Defendant James Sargeant is the Secretary of ACSCL, and is a member of the ACSCL board of directors, Defendant Sargeant Jr. is Vice President of ACSCL and a member of the ACSCL board of directors, and Defendant Daniel Sargeant is President of ACSCL and a member of the ACSCL board of directors.

56.     Because Daniel Sargeant is the President of both ACSCL (the seller of the vessel), and Asphalt Java Sea Corporation (the buyer of the vessel), and is listed as acting on behalf of both the sellers and the buyers, the Vessel Transaction is a related-party transaction that is not at arm's length, seriously undervalues the vessel, serves no business purposes, and is nothing more than a sham transaction intended to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, which will in turn cause injury to Plaintiff Sargeant.

57.     Additionally, the transfer of the vessel will deprive ACSCL, and its shareholders, including Sargeant Trading, of the substantial value in a lucrative long-term charter for employment of the vessel with an unrelated third party, and will in turn cause injury to Plaintiff Sargeant.

## VI.    Other Allegations

58.     In order to compensate Roos for his complicity in the scheme to defraud Plaintiff Sargeant, the Defendant Sargeants caused Sargeant Trading, without the knowledge or consent of Plaintiff Sargeant, to grant to Roos a ten percent interest in the value of Sargeant Trading's investment in the project known as Ocean Cay, which involves Oolitic Aragonite harvesting and sales ("the Ocean Cay interest").

59.     Due to the fraud and misappropriation described above, Sargeant Trading's finances have been severely impacted, and Sargeant Trading's trade finance credit lines were cancelled effective September 30, 2012.  Sargeant Trading bank credit lines were cancelled effective October 4, 2012.

60.     In October 2012, Plaintiff Sargeant again demanded an accounting of Sargeant Trading finances.  Defendant Roos, then President of Sargeant Trading, refused to provide such

an accounting and refused to provide any financial information without approval of the Defendant Sargeants.  No financial information was provided to Plaintiff Sargeant.

61.    The past, current and expected future activities of the Defendant Sargeants and Roos threaten the financial viability of Sargeant Trading and its subsidiaries.  Additionally, the value of Sargeant Trading and Sargeant Trading's goodwill in the worldwide asphalt marketplace, continues to be diminished.

62.    All conditions precedent to the filing of this action have been performed, waived or excused.

## CAUSES OF ACTION

### COUNT I - INTENTIONAL BREACH OF FIDUCIARY DUTY
### (Against Defendants Sargeant Junior, Dan Sargeant, James Sargeant and Roos)

63.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

64.    At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of its CFO, Roos, its Chairman, Dan Sargeant, and the other members of Sargeant Trading's Board.

65.    As directors and officers of Sargeant Trading, and majority shareholders, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading and to Plaintiff Sargeant, a minority shareholder.  Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

66.    As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading and Plaintiff Sargeant a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

67.    The Defendant Sargeants and Roos intentionally breached their fiduciary duties by diverting, or allowing others to divert, funds intended for Sargeant Trading's legitimate corporate use, and permitted such funds to instead be used for the personal benefit of Dan Sargeant and his family, resulting in injury to Plaintiff Sargeant.

68.    The Defendant Sargeants and Roos intentionally breached their fiduciary duties to Sargeant Trading and Plaintiff Sargeant by forming and operating the GALT Entities and related companies for the specific purpose of stealing the corporate opportunities of Sargeant Trading and redirecting the funds from such activities, resulting in injury to Plaintiff Sargeant, and wrongful benefits to the Defendant Sargeants.

69.    The Defendant Sargeants intentionally breached their fiduciary duties to Sargeant Trading and Plaintiff Sargeant via the Vessel Transaction, which is structured to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in injury to Sargeant Trading and Plaintiff Sargeant, and benefits to the Defendant Sargeants.

70.    The Defendant Sargeants' and Roos' intentional violations of their fiduciary duties have resulted in damages to Plaintiff Sargeant.

WHEREFORE,  Plaintiff Sargeant demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT II: NEGLIGENT BREACH OF FIDUCIARY DUTY
### (Against Defendants Sargeant Junior, Dan Sargeant. James Sargeant, and Roos)

71.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

14

72.     At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of Defendant Roos, its Chairman, Dan Sargeant, and the other members of Sargeant Trading's Board.

73.     As directors and officers of Sargeant Trading, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading and to Plaintiff Sargeant. Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

74.     As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading and Plaintiff Sargeant a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

75.     The Defendant Sargeants and Roos negligently breached their fiduciary duties by diverting, or allowing others to divert, funds intended for Sargeant Trading's legitimate corporate use, and permitted such funds to instead be used for the personal benefit of Dan Sargeant and his family, resulting in injury to Plaintiff Sargeant.

76.     Additionally, the Defendant Sargeants negligently breached their fiduciary duty to Sargeant Trading and Plaintiff Sargeant in the formation and operation of the GALT Entities and related companies for the specific purpose of stealing the corporate opportunities of Sargeant Trading, and redirecting the funds from such opportunities, resulting in injury to Plaintiff Sargeant and wrongful benefits to the Defendant Sargeants.

77.     The Defendant Sargeants negligently breached their fiduciary duties to Sargeant Trading in the Vessel Transaction, which is structured to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in injury to Sargeant Trading and benefits to the Defendant Sargeants.

78.     The Defendants' negligent violations of their fiduciary duties have resulted in damages to Plaintiff Sargeant.

WHEREFORE,  Plaintiff Sargeant demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT III: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against Defendants Sargeant Bulktainers, Sargeant Junior, Dan Sargeant, James Sargeant, Roos, and Myers)

79.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

80.     The Defendant Sargeants, Roos, Myers, and Sargeant Bulktainers had knowledge that the party or parties who owed fiduciary duties to Plaintiff Sargeant had breached those duties.

81.     The Defendant Sargeants, Roos, Myers, and Sargeant Bulktainers substantially assisted, contributed to, encouraged, and furthered the accomplishment of the breaches of fiduciary duties by those owing fiduciary duties to Sargeant Trading and Plaintiff Sargeant, resulting in damages to Plaintiff Sargeant.

WHEREFORE,  Plaintiff Sargeant demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT IV: FRAUD
### (Against Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos)

82.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

83.     Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos fraudulently concealed or failed to disclose material facts which they had a duty to disclose and of which they knew Plaintiff Sargeant was unaware.

84.     Specifically, Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos knew that Plaintiff Sargeant was unaware that Sargeant Trading funds were being misappropriated and that such misappropriation was being concealed, yet nevertheless remained deliberately silent when they had a duty to disclose such material facts to Plaintiff Sargeant, a shareholder of Sargeant Trading.

85.     Plaintiff Sargeant relied upon these material omissions of fact to his detriment and the detriment of Sargeant Trading.

86.     Additionally, Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos concealed their intent to form the GALT Entities and related companies, as well as the actual formation of these entities, for the purpose of surreptitiously continuing the operations of Sargeant Trading through the GALT Entities and related companies, thus stealing Sargeant Trading's corporate opportunities and defrauding Plaintiff Sargeant of the benefits of his ownership in Sargeant Trading and profits realized through the operations of the GALT Entities.

87.     Finally, Defendants Sargeant Junior, Dan Sargeant, James Sargeant concealed their intent to refinance and/or sell the M/V ASPHALT CARRIER which transaction is structured to divert funds, physical assets, and future value away from ACSCL and its shareholders and defraud Plaintiff Sargeant of the benefits of his ownership in Sargeant Trading and profits realized through the operation of the M/V ASPHALT CARRIER.

88.     Plaintiff Sargeant has suffered damages from Defendants' fraudulent conduct.

WHEREFORE,  Plaintiff Sargeant demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT V: NEGLIGENT MISREPRESENTATION
### (Against Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Roos)

89.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

90.     Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos concealed or failed to disclose certain material facts which they had a duty to disclose and of which they knew Plaintiff Sargeant was unaware.

91.     Specifically, Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos knew that Plaintiff Sargeant was unaware of the material misapplication of funds occurring at Sargeant Trading, yet nevertheless remained silent when they had a duty to disclose all material facts to Plaintiff Sargeant, a shareholder of Sargeant Trading.

92.     Plaintiff Sargeant relied upon these omissions of truth to his detriment.

93.     The misapplied funds were transferred from Sargeant Trading to Sargeant Bulktainers as a result of inflated and fraudulent billing practices by Sargeant Bulktainers.

94.     Additionally, Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos failed to advise Plaintiff Sargeant of their intent to form the GALT Entities and related entities as well as the actual formation of these entities for the purpose of surreptitiously continuing the operations of Sargeant Trading through the GALT Entities and related entities, thus denying Sargeant Trading its corporate opportunities and Plaintiff Sargeant the benefits of his ownership in Sargeant Trading and profits realized through the operations of the GALT Entities.

18

95.    Finally, Defendants Sargeant Junior, Dan Sargeant, James Sargeant failed to inform Plaintiff Sargeant of their intent to refinance and/or sell the M/V ASPHALT CARRIER which transaction is structured to divert funds, physical assets, and future value away from ACSCL and its shareholders and deprive Plaintiff Sargeant of the benefits of his ownership in Sargeant Trading and profits realized through the operation of the M/V ASPHALT CARRIER.

96.    Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos intended Plaintiff Sargeant to act in reliance on their misrepresentations.

97.    Sargeant Trading and Plaintiff Sargeant justifiably relied upon the misrepresentations of Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos and have suffered damages from Defendants' fraudulent conduct.

WHEREFORE,   Plaintiff Sargeant demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT VI: CIVIL CONSPIRACY
**(Against Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Roos, Myers, the GALT Entities, ACSCL, Asphalt Java Sea Corp., and Java Sea Navigation Pte Ltd.)**

98.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

99.    Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Roos, Myers, the GALT Entities, and ACSCL, Asphalt Java Sea Corp., and Java Sea Navigation Pte Ltd. conspired and agreed to commit the intentional misconduct and overt acts alleged in Counts I, III, and IV.

100.    Specifically, the Defendant Sargeants, Roos, and Myers conspired and agreed to fraudulently inflate amounts billed to Sargeant Trading by Sargeant Bulktainers for general and

19

administrative expenses, and to knowingly and unlawfully misdirect Sargeant Trading's funds

for the personal use of Dan Sargeant and his family, resulting in damages to Plaintiff Sargeant.

101. The Defendant Sargeants, Roos, Myers and the GALT Entities also conspired and

agreed to knowingly and unlawfully form the GALT Entities and related entities for the purpose

of misdirecting and stealing the corporate opportunities of Sargeant Trading, resulting in

damages to Plaintiff Sargeant.

102. The Defendant Sargeants, ACSCL, Asphalt Java Sea Corp., and Java Sea

Navigation Pte Ltd., also conspired and agreed to knowingly and unlawfully enter into the Vessel

Transaction, which is structured to divert funds, physical assets, and future value away from

ACSCL and its shareholders, including Sargeant Trading, resulting in damages to Sargeant

Trading and Plaintiff Sargeant.

103. The acts in furtherance of the conspiracy were not done in good faith or in a

manner that could reasonably have been believed to have been in the best interests of Plaintiff

Sargeant.

WHEREFORE, Plaintiff Sargeant demands judgment for damages against Defendants

for all amounts found by this Court due and owing, plus interest and costs, together with such

other and further relief as the Court may deem just or proper.

## COUNT VII: REQUEST FOR ACCOUNTING
### (Against Defendants Sargeant Trading, Sargeant Bulktainers, and the GALT Entities)

104. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1

through 62 above as if set forth herein in full.

105. Plaintiff Sargeant maintains a business interest in Sargeant Trading, and Sargeant

Bulktainers has distributed funds on behalf of Sargeant Trading.

106.    Corporate opportunities have been transferred from Sargeant Trading to the GALT Entities for purposes of defrauding Plaintiff Sargeant of his interest in Sargeant Trading.

107.    The operations and finances of Sargeant Trading, Sargeant Bulktainers, and the GALT Entities are extensive and complex, and as stated herein assets have been misappropriated from Sargeant Trading and Sargeant Bulktainers to Dan Sargeant and to the GALT Entities.

108.    Plaintiff Sargeant has repeatedly requested access to financial records of and an accounting for the Sargeant Trading and Sargeant Bulktainers entities, as well as the GALT Entities, but has been denied access to such records.  Accordingly, there is no full, adequate, and expeditious remedy at law.

109.    Plaintiff Sargeant seeks an accounting of Sargeant Trading, Sargeant Bulktainers, and the GALT Entities, in order to balance the equities, adjust the accounts of the parties, and render complete justice between the parties.

WHEREFORE,  Plaintiff Sargeant, requests an accounting of Sargeant Trading, Sargeant Bulktainers, and the GALT Entities; together with such other and further relief as the Court may deem just or proper.

### COUNT VIII: UNJUST ENRICHMENT
**(Against Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Roos, the GALT Entities, ACSCL, Asphalt Java Sea Corp., and Java Sea Navigation Pte Ltd.)**

110.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 62 above as if set forth herein in full.

111.    The Defendant Sargeants and Roos inflated the amounts billed to Sargeant Trading by Sargeant Bulktainers for "general and administrative expenses" and misdirected the funds of Sargeant Trading to Dan Sargeant and his family, including by funneling such funds through Sargeant Bulktainers, resulting in damages to Plaintiff Sargeant.

21

112.    The Defendant Sargeants, Roos, and the GALT Entities also knowingly and unlawfully formed the GALT Entities and related entities for the purpose of misdirecting and stealing the corporate opportunities of Sargeant Trading, resulting in damages to Plaintiff Sargeant.

113.    The Defendant Sargeants, ACSCL, Asphalt Java Sea Corp., and Java Sea Navigation Pte Ltd., also knowingly and unlawfully entered into the Vessel Transaction, which is structured to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in damages to Sargeant Trading.

114.    Defendants' actions have resulted in the Defendants accepting or retaining benefits incurred, and it would be inequitable for the Defendants to retain such benefits without paying fair value to Plaintiff Sargeant.

WHEREFORE, based on all of the counts set forth above, Plaintiff Sargeant, respectfully requests entry of an order:

a.    requiring an accounting of Sargeant Trading, Sargeant Bulktainers, and the GALT Entities;

b.    instructing Defendants to pay Plaintiff Sargeant his actual damages;

c.    requiring the disgorgement of all monies received in violation of the fiduciary duties alleged herein;

d.    imposing a constructive trust on all moneys received in violation of the fiduciary duties alleged herein to prevent the unjust enrichment that would otherwise be afforded to Defendants, including assets owned as a result of any illegal diversion of funds, and Roos' Ocean Cay interest;

22

e.    imposing, in addition to liability for actual damages, exemplary and/or treble damages, as appropriate;

f.    awarding Plaintiff its attorneys' fees and costs incurred in bringing this action; and

g.    awarding all other relief this Court deem just and proper.

## DEMAND FOR A JURY TRIAL

115.   Plaintiff Harry Sargeant, III, requests trial by jury on all issues so triable.

Respectfully submitted



_____

Christopher M. Kise
Florida Bar No. 855545
Primary email: ckise@foley.com
Secondary email: pgordon@foley.com
James A. McKee
Florida Bar No. 638218
Primary email: jmckee@foley.com
Secondary email: sodonnell@foley.com
Melissa B. Coffey
Florida Bar No. 84090
Primary email: mcoffey@foley.com
Secondary email: bblackburn@foley.com
FOLEY & LARDNER LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301-7732
850-222-6100 (telephone)
850-561-6475 (facsimile)

and

Alan R. Poppe
Florida Bar No. 186872
Primary email: apoppe@foley.com
Secondary email: tvillardefrancos@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard Suite 1900
Miami, FL 33131
305-482-8400 (telephone)
305-482-8600 (facsimile)

Attorneys for Plaintiff Harry Sargeant, III

Mark T. Mitchell*
Texas Bar No. 14217700
Deirdre B. Ruckman*
Texas Bar No. 21196500
Frederick W. Sultan, IV*
Texas Bar No. 00797524
GARDERE WYNNE SEWELL LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
(512) 542-7072 (telephone)
(512) 542-7272 (facsimile)
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 999-4250 (telephone)
(214)999-3250 (facsimile)

*Pro hac vice motions forthcoming

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail this 22nd day of July, 2013 to:

Charles Lichtman
Berger Singerman LP
350 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, FL 33301
Main: 954-712-5138
Fax: (954) 523-2872
Counsel for Defendants
Harry Sargeant Jr., Daniel Sargeant, James
Sargeant, Stephen L. Roos, Anthony Myers,
Sargeant Bulktainers, Inc., Global Asphalt
Logistics and Trading, LLC, Global Asphalt
Logistics and Trading SAGL, a Swiss
Company, and Sargeant Trading LTD.

       _____
       Christopher M. Kise