## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

HARRY SARGEANT III, derivatively on
behalf of SARGEANT TRADING, LTD.,

      Plaintiff,

vs.

HARRY SARGEANT JR., DANIEL          CASE NO.: 2013-CA-10868
SARGEANT, JAMES SARGEANT,
STEPHEN L. ROOS, ANTHONY D.
MYERS, SARGEANT BULKTAINERS,
INC., a Florida Corporation, GLOBAL
ASPHALT LOGISTICS AND TRADING,
LLC, a Florida Company, GLOBAL
ASPHALT LOGISTICS AND TRADING
SAGL, a Swiss company, SARGEANT
TRADING, LTD., a Bahamian Company,
ASPHALT CARRIER SHIPPING
COMPANY LIMITED, a Marshall Islands
Company, ASPHALT JAVA SEA CORP.,
a Marshall Islands Corporation, JAVA
SEA NAVIGATION PTE LTD., a
Singapore Company, SARGEANT
MARINE, INC., a Florida Corporation,
and JANET SARGEANT.

      Defendants.

_____/

## FIRST AMENDED VERIFIED COMPLAINT

     Plaintiff, HARRY SARGEANT III, derivatively on behalf of SARGEANT TRADING,

LTD., brings this action against Defendants HARRY SARGEANT JR., DANIEL SARGEANT,

JAMES SARGEANT, STEPHEN L. ROOS, ANTHONY MYERS, SARGEANT

BULKTAINERS, INC., a Florida Corporation, GLOBAL ASPHALT LOGISTICS AND

TRADING, LLC, a Florida Company, GLOBAL ASPHALT LOGISTICS AND TRADING

SAGL, a Swiss company, SARGEANT TRADING, LTD., a Bahamian Company, ASPHALT

1

CARRIER SHIPPING COMPANY LIMITED, a Marshall Islands Company, ASPHALT JAVA SEA CORP., a Marshall Islands Corporation, JAVA SEA NAVIGATION PTE LTD, a Singapore Company, SARGEANT MARINE, INC., a Florida Corporation, and JANET SARGEANT.

## INTRODUCTION

1.    This action is brought by Plaintiff Harry Sargeant III ("Plaintiff" or "Plaintiff Sargeant"), on behalf of Sargeant Trading, Ltd., for damages and an accounting stemming from an elaborate and pervasive scheme to defraud Plaintiff and to loot the assets and profits of Sargeant Trading, Ltd. ("Sargeant Trading" or the "Company").

2.    Plaintiff Sargeant formed and built the Company into a highly profitable global enterprise only to later be the subject of Defendants' conspiracy and misappropriation of Company funds.  The Defendants acted and continue to act in concert to cheat the Company and Plaintiff Sargeant, their principal benefactor, and to cart off the corporate opportunities and profits Plaintiff Sargeant worked for decades to provide for the benefit of the Company.

3.    The Defendants' unlawful conduct set forth herein deprived and continues to deprive Sargeant Trading of the profits and corporate opportunities that Plaintiff Sargeant created for the thankless Defendants.  In addition, Plaintiff Sargeant has been and continues to be exposed to liability for the Defendants' wrongful acts.

4.    Defendant Dan Sargeant, aided by the remaining Defendants, orchestrated an ongoing scheme to siphon off millions of dollars in personal expenses, expenses wholly unrelated to Sargeant Trading's business, and to conceal this scheme by causing such personal expenses to be fraudulently recorded as general and administrative expenses attributable to Sargeant Trading.  Such scheme is ongoing.

4824-1203-0741.1

5.     In addition to engaging in and/or contributing to this activity, the Defendants commenced a scheme to misappropriate the corporate opportunities of Sargeant Trading by forming a new entity (which did not include Plaintiff Sargeant as a shareholder) and transferring such opportunities to the new entity.

6.     As a direct result of the unlawful actions described in this Complaint, Sargeant Trading has suffered considerable and irreparable harm.

## THE PARTIES

7.     Plaintiff Harry Sargeant III is an individual residing at 1420 North Ocean Boulevard, Gulfstream, Florida 33483.  Plaintiff Sargeant brings this action derivatively on behalf of Sargeant Trading, Ltd., an international business company organized under the International Business Companies Act of the Commonwealth of the Bahamas.

8.     Defendant Harry Sargeant Jr. ("Sargeant Junior") is an individual residing at 400 SE 5th Avenue, #N803, Boca Raton, Florida 33432-5525.

9.     Defendant Daniel Sargeant ("Dan Sargeant") is an individual residing at 2101 Spanish River Rd., Boca Raton, Florida 33432-8552.

10.     Defendant James Sargeant ("James Sargeant") is an individual residing at 258 Venetian Dr., Delray Beach, Florida 33483-6810.

11.     Defendant Stephen L. Roos ("Roos") is an individual residing at 5650 Lake Osborne Drive, Lake Worth, Florida 33461.

12.     Defendant Anthony D. Myers ("Myers") is an individual residing at 7935 Talavera Place, Delray Beach, Florida 33446.

13.     Defendant Global Asphalt Logistics and Trading LLC ("GALT Florida") is a limited liability company organized under the laws of Florida, with its primary place of business at 1732 Northeast 26th Street, Wilton Manors, Florida 33305.

3

14.     Defendant Global Asphalt Logistics and Trading SAGL ("GALT Switzerland") is a business entity organized under the laws of Switzerland, with its primary place of business at 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.  Collectively, GALT Florida and GALT Switzerland shall be referred to as the "GALT Entities."

15.     Defendant Sargeant Bulktainers, Inc. ("Sargeant Bulktainers") is a corporation organized under the laws of Florida, with its primary place of business at 3020 North Military Trail, Suite 100, Boca Raton, Florida 33431.

16.     Defendant Sargeant Trading, Ltd., is an international business company organized under the International Business Companies Act of the Commonwealth of the Bahamas.

17.     Defendant Asphalt Carrier Shipping Company Limited is a business entity organized under the laws of the Marshall Islands, with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

18.     Defendant Asphalt Java Sea Corporation is a business entity organized under the laws of the Marshall Islands, with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

19.     Defendant Java Sea Navigation Pte Ltd ("Java Sea Navigation"), is a business entity organized under the laws of Singapore, with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

20.     Defendant Sargeant Marine, Inc., is a corporation organized under the laws of Florida, with its principal place of business at 3020 N. Military Trail, Suite 100, Boca Raton, FL 33431.

21.     Defendant Janet Sargeant ("Janet Sargeant") is an individual residing at 400 SE 5th Avenue, #N803, Boca Raton, Florida 33432-5525.

4824-1203-0741.1

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action as the amount in controversy exceeds $15,000, exclusive of costs and interest.

23.     This Court has jurisdiction over GALT Switzerland, Asphalt Carrier Shipping Company Limited, Asphalt Java Sea Corporation and Java Sea Navigation pursuant to section 48.193, Florida Statutes, because their principal places of business are located in Palm Beach County, Florida, such Defendants have engaged in the acts described herein in the State of Florida and within this judicial circuit, and such Defendants therefore have sufficient minimum contacts with the State of Florida and this judicial circuit, and venue is proper in Palm Beach County.

24.     Additionally, venue is appropriate in Palm Beach County as Defendants Sargeant Junior, Dan Sargeant, James Sargeant, Janet Sargeant, Roos, and Myers all reside in Palm Beach County, Florida, Sargeant Bulktainers and Sargeant Marine are Florida companies with principal places of business in Palm Beach County Florida, and GALT Florida is a Florida corporation with a principal place of business in Wilton Manors, Broward County, Florida.

## FACTUAL ALLEGATIONS

### I.    Plaintiff's Formation of Sargeant Trading

25.     Plaintiff Sargeant organized Sargeant Trading in 1989 for the purpose of establishing a global asphalt trading company.  The initial shareholders of Sargeant Trading were Plaintiff Sargeant, Sargeant Junior, Dan Sargeant, and James Sargeant (collectively referred to as the "Sargeant Family" for purposes of this Complaint).

26.     Plaintiff Sargeant managed the day-to-day operations of Sargeant Trading and transformed Sargeant Trading into a highly profitable global enterprise, engaging in the world-wide storage, transportation, and sale of asphalt and other petroleum-based products.  Through

5

Plaintiff Sargeant's management, Sargeant Trading far exceeded the success of other business activities in which the Sargeant Family was and has been engaged.

27.    At all times relevant to this Complaint, Plaintiff Sargeant has been a shareholder with a beneficial minority ownership in Sargeant Trading.  The other beneficial owners of Sargeant Trading are Sargeant Junior, Dan Sargeant, and James Sargeant (collectively, Defendants Sargeant Junior, Dan Sargeant and James Sargeant shall be referred to as "the Defendant Sargeants").

28.    Sargeant Trading is the parent of several wholly owned subsidiaries that support the primary purpose of Sargeant Trading.  Sargeant Bulktainers is the administrative arm of Sargeant Trading in the United States, managing funds on behalf of Sargeant Trading and distributing funds to Sargeant Trading subsidiaries and affiliated companies.  The Defendant Sargeants are the majority owners of Sargeant Bulktainers.

## II.    Transfer of Management to the Defendants

29.    In 2007, eighteen years after founding and building Sargeant Trading into a global empire, Plaintiff Sargeant disengaged from active participation in Sargeant Trading due to his other significant business and personal commitments.

30.    Following Plaintiff Sargeant's disengagement from active participation in Sargeant Trading and resignation as a Sargeant Trading board member, Defendant Roos became the Chief Financial Officer ("CFO") of Sargeant Trading.

31.    Defendant Myers manages Sargeant Trading's operations.

32.    The Defendant Sargeants are the sole Board members of Sargeant Trading.

## III.    The Fraud Begins

33.    In late 2011, after becoming concerned about the finances of Sargeant Trading and extraordinarily high overhead, Plaintiff Sargeant requested detailed financial information

from Defendant Roos, Sargeant Trading's CFO.  After Plaintiff Sargeant was provided certain financial information, Plaintiff Sargeant discovered a startling number of personal expenses paid on behalf of Dan Sargeant with the apparent consent of the Defendant Sargeants and Roos. Attempts by Plaintiff Sargeant to gain accurate information regarding the nature and amounts of these personal expenses were consistently frustrated by Sargeant Junior, Dan Sargeant, and Roos.

34.     Such personal expenses were not recorded on the books of Sargeant Trading as distributions to Dan Sargeant, but were instead fraudulently represented as "general and administrative expenses."

35.     In the fall of 2011, Plaintiff demanded an accounting of Sargeant Trading finances.

36.     In April 2012, Defendant Roos furnished limited financial documentation to Plaintiff Sargeant's attorney that revealed a stunning pattern of waste and conversion of corporate assets for the personal gain of certain Defendants.  Such financial documentation revealed that in excess of $6.5 million had been misdirected from Sargeant Trading to Dan Sargeant for the purpose of advancing the international cart racing activities of Dan Sargeant's two minor sons, the grandsons of Sargeant Junior.  The documentation revealed that such expenses were again fraudulently reported as general and administrative expenses in an attempt to conceal the true nature of these expenses from Plaintiff Sargeant and others, and in an apparent attempt to avoid taxation on such expenses.

37.     Sargeant Trading's financial records further reveal a startling amount of first-class international travel expenses for Dan Sargeant, his wife, sons, and their friends, as well as substantial expenses related to the general financing of Dan Sargeant's racing operation.  These

7

expenses were unrelated to any business or corporate purpose of Sargeant Trading. Such personal expenses were likewise intentionally and fraudulently reported as general and administrative expenses in an attempt to conceal the true nature of these expenses from Plaintiff Sargeant and others, and in an apparent attempt to avoid taxation on such expenses.

38.     On information and belief, many millions of dollars in addition to those noted above have been siphoned from Sargeant Trading through Sargeant Bulktainers and misdirected to support the lifestyle of Dan Sargeant, aided and abetted by Sargeant Junior, James Sargeant and Roos.

39.     Many of the personal expenditures made by Dan Sargeant, and improperly paid for with Sargeant Trading funds, were used to purchase items for Dan Sargeant's personal enjoyment, including racing cars, custom travel trailers, boats, and recreational vehicles, all housed in two airline hangar sized facilities.

40.     The Defendant Sargeants and Roos have additionally caused to be purchased and furnished, through the use of Sargeant Trading funds or assets, lavish hunting camps which operate as retreats for their private enjoyment.

41.     On information and belief, the funds utilized by the Defendant Sargeants and Roos to support Dan Sargeant's extravagant lifestyle were transferred from Sargeant Trading to Sargeant Bulktainers as a result of inflated or fraudulent billing practices by Sargeant Bulktainers over a period of years. These practices included payments to Sargeant Bulktainers for services that Sargeant Bulktainers did not provide, which payments were then transferred from Sargeant Bulktainers to Dan Sargeant for his personal expenses. These *ultra vires* expenditures bear no relation to the business purpose of Sargeant Trading and were made to the detriment of Plaintiff Sargeant, Sargeant Trading, and its subsidiaries.

4824-1203-0741.1

42.     Dan Sargeant formed companies named "Asphalt Charters Holdings Limited" and "Caribbean Charters Holdings Limited," which were nothing more than holding companies for Dan Sargeant's personal yacht and other family watercraft, to disguise payments from Sargeant Bulktainers to the entities as business expenses.

43.     Additionally, on information and belief, the Defendant Sargeants inflated transportation costs billed by Sargeant Marine to Sargeant Trading, resulting in Sargeant Marine retaining a substantial portion of profits earned by Sargeant Trading from the sale of asphalt. Such profits rightfully belong to Sargeant Trading.

44.     In part to conceal the fraudulent activity described above, and in derogation of their fiduciary duties to Plaintiff Sargeant, the Defendant Sargeants have conducted the corporate affairs of Sargeant Trading and Sargeant Bulktainers without allowing Plaintiff Sargeant's participation.

## IV.    The Fraud Expands and the GALT Entities Are Created

45.     In January 2012, after Plaintiff Sargeant began questioning the out of control expenditures and misappropriation of funds occurring at Sargeant Trading, the Defendant Sargeants embarked upon a secret scheme to defraud Plaintiff Sargeant of his interest in Sargeant Trading.

46.     As part of that scheme, on January 25, 2012, the Defendant Sargeants formed GALT Switzerland.  GALT Switzerland was registered by the treasurer of Sargeant Trading and named the Defendant Sargeants as its managers and directors, with their Florida addresses listed.

47.     On February 15, 2012, the Defendant Sargeants created GALT Florida, with Roos as registered agent and with the same principal place of business as Sargeant Trading.  Five days later, a corrected filing was submitted that changed the address of GALT Florida and listed a new registered agent in an attempt to conceal the Defendants' fraudulent creation of the GALT

9

Entities.  The GALT Entities and related entities were formed with the specific purpose and intent to steal the corporate opportunities of Sargeant Trading and deny Plaintiff Sargeant any portion of the profits he would have been entitled to given his ownership in Sargeant Trading. The Defendant Sargeants did so in an attempt to retain the revenue generated by the business built and managed for two decades by Plaintiff Sargeant.  In fact, many former Sargeant Trading employees are now employees of the GALT Entities or companies related to the GALT Entities, and the former offices of Sargeant Trading are now occupied by the GALT Entities.

48.    The existence of the GALT Entities only became known to Plaintiff Sargeant in August 2012 through an email from a Sargeant Trading employee that inadvertently included his GALT signature line instead of his Sargeant Trading signature line.

49.    From the inception of the GALT Entities through the present date, the Defendant Sargeants have systematically diverted millions of dollars in business opportunities from Sargeant Trading to the GALT Entities, transferred current contracts and associated revenue to the GALT Entities, and have severed business relationships between Sargeant Trading and longstanding customers while servicing such customers through the GALT Entities or related companies.  This pillaging of corporate opportunities has occurred as recently as June 2013, and will continue indefinitely until the Defendants are forced to cease their unlawful activities.  In fact, a review of Sargeant Trading financial documentation demonstrates a number of large transfers of funds to offshore companies such as Sargeant Europe Coöperatief U.A., a company organized in the Netherlands and previously unknown to Plaintiff Sargeant.

50.    Further, contracts and associated revenue between Sargeant Trading and current customers have been and are being assigned or transferred to the GALT entities without any remuneration to Sargeant Trading.

4824-1203-0741.1

51.     The Defendant Sargeants and Roos have, apparently through secret subcharter agreements between Sargeant Trading and the GALT Entities, utilized vessels chartered to Sargeant Trading by China Ocean Shipping Company ("COSCO") to transport GALT asphalt cargos.  Although the chartered vessels are paid for by Sargeant Trading and have been transferred to GALT's use, the GALT Entities are not making any payments to Sargeant Trading for use of the chartered vessels, and Sargeant Trading bears the liability for such charters while not receiving any income from the GALT asphalt cargoes being transported.  Moreover, COSCO has not been notified of, nor approved, these secret subcharter agreements, thereby exposing Sargeant Trading to additional and significant liability.

52.     Additionally, although the GALT asphalt cargoes described above were executed in the names of the GALT Entities or related companies, such asphalt cargoes would have been sold in the name of Sargeant Trading but for the Defendants' usurpation of Sargeant Trading's corporate opportunities.  The GALT Entities are therefore receiving revenues unlawfully diverted from Sargeant Trading in addition to utilizing chartered vessels unlawfully diverted from Sargeant Trading.  Hence Sargeant Trading remains liable for the COSCO and other liabilities associated with these charters, but has been systematically and secretly stripped of any revenues that it is rightfully due with which to fulfill its obligations.

## V.     The Sham Asphalt Carrier Transaction

53.     Sargeant Trading partially funded, and owns a 65% majority interest in, Asphalt Carrier Shipping Company Limited ("ACSCL") an entity formed for the purpose of building a specialized oceangoing vessel, the M/V ASPHALT CARRIER, for use by Sargeant Trading. Additional funding was provided by Sargeant Marine.  However, on information and belief, the funds provided by Sargeant Marine were paid back to Sargeant Marine by or on behalf of

4824-1203-0741.1

ACSCL, while no portion of the funding received from Sargeant Trading has been paid back by ACSCL.

54.     The remaining 35% interest in ACSCL is owned by Latin American Investments Limited ("LAIL"), a company in which Plaintiff Sargeant owns a 25% minority interest.  The remaining 75% interest in LAIL is owned by the Defendant Sargeants.

55.     On information and belief, Defendant James Sargeant is the Secretary of ACSCL, and is a member of the ACSCL board of directors, Defendant Sargeant Junior is Vice President of ACSCL and a member of the ACSCL board of directors, and Defendant Daniel Sargeant is President of ACSCL and a member of the ACSCL board of directors.

56.     The Defendant Sargeants and Roos have failed to account to Sargeant Trading for its interest in ACSCL and, on information and belief, the Defendant Sargeants and Roos have diverted and continue to divert monies owed to Sargeant Trading, or Sargeant Trading's equity in ACSCL, to the GALT Entities or related companies.

57.     The Defendant Sargeants have been actively working to refinance and/or sell the M/V ASPHALT CARRIER, and misappropriate proceeds from the refinancing and/or sale of the vessel by diverting the funds to the GALT Entities, related entities, or to personal expenses for the Defendant Sargeants.

58.     In March 2013, to facilitate Defendants' ongoing attempt to defraud Plaintiff Sargeant and Sargeant Trading and deprive Plaintiff Sargeant and Sargeant Trading of funds, assets, and value owing to Plaintiff Sargeant and Sargeant Trading, Plaintiff Sargeant was removed as a member of the ACSCL board.

59.     ACSCL intends to sell the M/V ASPHALT CARRIER to Asphalt Java Sea Corporation (the "Vessel Transaction"), a related company controlled by the Defendant

Sargeants, and Daniel Sargeant in particular, and in which neither Plaintiff Sargeant, nor Sargeant Trading has an interest.

60.     Defendants Java Sea Navigation and Sargeant Marine are also parties to a loan agreement to finance the acquisition of the M/V ASPHALT CARRIER by Asphalt Java Sea Corporation.

61.     Sargeant Marine is the sole shareholder of Java Sea Navigation and the Defendant Sargeants, as well as Defendant Janet Sargeant, are directors of Java Sea Navigation.

62.     The Vessel Transaction was originally scheduled to close on July 8, 2013, without notice to all of ACSCL's shareholders, but was purportedly delayed by the filing of the initial complaint in this proceeding.

63.     After becoming aware of the Vessel Transaction, the directors of LAIL issued multiple requests for answers to a number of questions regarding the purposes of the Vessel Transaction and the valuation of the M/V ASPHALT CARRIER.  No response was received from ACSCL.  However, the Defendant Sargeants thereafter added themselves to the Board of Directors of LAIL, and refused to recognize the votes and viewpoints of other directors of LAIL, in an attempt to ensure all shareholders of ACSCL would approve the Vessel Transaction.

64.     Because Dan Sargeant is the President of both ACSCL (the seller of the vessel), and Asphalt Java Sea Corporation (the buyer of the vessel), and is listed as acting on behalf of both the sellers and the buyers, the Vessel Transaction is a related-party transaction that is not at arm's length, seriously undervalues the vessel, does not constitute the highest value reasonably available under the circumstances, serves no business purposes, and is nothing more than a sham transaction intended to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading.

13

65.     Additionally, the transfer of the vessel will deprive ACSCL, and its shareholders, including Sargeant Trading, of the substantial value in a lucrative long-term charter for employment of the vessel with an unrelated third party.

66.     Because the Defendant Sargeants control Sargeant Trading and have embarked on a scheme to control LAIL as well, any ACSCL shareholder vote will constitute nothing more than a rubber stamp of the Defendant Sargeants' scheme.

## VI.     Other Allegations

67.     In order to compensate Roos for his complicity in the scheme to defraud Plaintiff Sargeant and Sargeant Trading, the Defendant Sargeants caused Sargeant Trading, without the knowledge or consent of Plaintiff Sargeant, to grant to Roos a ten percent interest in the value of Sargeant Trading's investment in the project known as Ocean Cay, which involves Oolitic Aragonite harvesting and sales ("the Ocean Cay interest").

68.     Due to the fraud and misappropriation described above, Sargeant Trading's finances have been severely impacted, and Sargeant Trading's trade finance credit lines were cancelled effective September 30, 2012.  Sargeant Trading bank credit lines were cancelled effective October 4, 2012.

69.     In October 2012, Plaintiff Sargeant again demanded an accounting of Sargeant Trading finances.  Defendant Roos, then President of Sargeant Trading, refused to provide such an accounting and refused to provide any financial information without approval of the Defendant Sargeants.  No financial information was provided to Plaintiff Sargeant.

70.     Plaintiff Sargeant has made additional demands for an accounting of Sargeant Trading finances, but all such demands have been refused or ignored.

71.     The past, current and expected future activities of the Defendant Sargeants and Roos threaten the financial viability of Sargeant Trading and its subsidiaries.  Additionally, the

4824-1203-0741.1

value of Sargeant Trading and Sargeant Trading's goodwill in the worldwide asphalt marketplace, continues to be diminished.

72. At all times relevant to this Complaint, Plaintiff Sargeant has been a minority shareholder of Sargeant Trading.

73. As a result of the facts alleged in this Complaint, Sargeant Trading has suffered damages for which Sargeant Trading has wrongfully refused to seek recovery.

74. Sargeant Trading would suffer irreparable injury if it provided the 90 day notice provided for in section 607.07401, Florida Statutes, prior to filing suit, in that the Defendants continue to steal the corporate opportunities of Sargeant Trading by buying and selling asphalt to third parties. As a result, the value of Sargeant Trading and Sargeant Trading's goodwill in the worldwide asphalt marketplace, continues to be diminished. The value of such diminution cannot be readily determined. Moreover, funds from Sargeant Trading will continue to be transferred to offshore companies, such as Sargeant Europe Coöperatief U.A., making it extremely difficult, if not impossible, to recover such funds.

75. In addition, the effective embezzlement of funds by Roos and the Defendant Sargeants from Sargeant Trading through Sargeant Bulktainers continues to diminish the value of Sargeant Trading. Such diminution cannot be readily determined without a full accounting provided by Sargeant Trading, Sargeant Bulktainers, and the GALT Entities. Given the nature and extent of the actions of the Defendants, the 90-day notice period would allow the Defendants further opportunity to hide or sequester assets (especially troublesome given the financial transfers to Sargeant Europe Coöperatief U.A. and numerous other offshore entities or assets managed by the Defendants), further alter or adjust accounting entries and further cover up past dealings and ongoing expenditures.

76.    Accordingly, Plaintiff Sargeant brings this action derivatively on behalf of Sargeant Trading and seeks his reasonable expenses for maintaining this proceeding, including reasonable attorney's fees, pursuant to section 607.07401(6), Florida Statutes.

77.    All conditions precedent to the filing of this action have been performed, waived or excused.

## CAUSES OF ACTION

### COUNT I - INTENTIONAL BREACH OF FIDUCIARY DUTY GENERALLY
**(Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant and Roos)**

78.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

79.    At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of Roos (its CFO), Dan Sargeant (its Chairman), and the other members of Sargeant Trading's Board.

80.    As directors, officers, and majority shareholders of Sargeant Trading, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading.  Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

81.    As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

82.    The Defendant Sargeants and Roos intentionally breached their fiduciary duties by diverting, or allowing others to divert, funds intended for Sargeant Trading's legitimate corporate use, and permitted such funds to instead be used for the personal benefit of Dan Sargeant and his family, resulting in injury to Sargeant Trading.

16

83.     The Defendant Sargeants and Roos intentionally breached their fiduciary duties to Sargeant Trading by forming and operating the GALT Entities and related companies for the specific purpose of stealing the corporate opportunities of Sargeant Trading and redirecting the funds from such activities, resulting in injury to Sargeant Trading and benefits to the Defendant Sargeants.

84.     The Defendant Sargeants' and Roos' intentional violations of their fiduciary duties have resulted in damages to Sargeant Trading.

85.     Because Sargeant Trading is under the control of the Defendant Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT II: NEGLIGENT BREACH OF FIDUCIARY DUTY GENERALLY
### (Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant, and Roos)

86.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

87.     At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of Defendant Roos (its CFO), Dan Sargeant (its Chairman), and the other members of Sargeant Trading's Board.

88.     As directors, officers, and majority shareholders of Sargeant Trading, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading.  Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

17

89.     As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

90.     The Defendant Sargeants and Roos negligently breached their fiduciary duties by diverting, or allowing others to divert, funds intended for Sargeant Trading's legitimate corporate use, and permitted such funds to instead be used for the personal benefit of Dan Sargeant and his family, resulting in injury to Sargeant Trading.

91.     Additionally, the Defendant Sargeants negligently breached their fiduciary duty to Sargeant Trading in the formation and operation of the GALT Entities and related companies for the specific purpose of stealing the corporate opportunities of Sargeant Trading, and redirecting the funds from such opportunities, resulting in injury to Sargeant Trading and benefits to the Defendant Sargeants.

92.     The Defendants' negligent violations of their fiduciary duties have resulted in damages to Sargeant Trading.

93.     Because Sargeant Trading has been under the control of the Defendant Sargeants and Roos, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT III - INTENTIONAL BREACH OF FIDUCIARY DUTY WITH REGARDS TO THE VESSEL TRANSACTION
### (Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant and Roos)

94.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

95.    At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of Roos (its CFO), Dan Sargeant (its Chairman), and the other members of Sargeant Trading's Board.

96.    As directors, officers, and majority shareholders of Sargeant Trading, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading.  Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

97.    As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

98.    The Defendant Sargeants and Roos intentionally breached their fiduciary duties to Sargeant Trading via the Vessel Transaction, which is intended to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in injury to Sargeant Trading and benefits to the Defendant Sargeants.

99.    By valuing the M/V ASPHALT CARRIER at a portion of its true value, and by failing and refusing to appropriately discharge their fiduciary duties, the Defendant Sargeants and Roos failed to obtain the highest value reasonably available to the shareholders under the circumstances, and failed to ensure the transaction was fair to ACSCL and its shareholders.

100.    The Defendant Sargeants' and Roos' intentional violations of their fiduciary duties have resulted in damages to Sargeant Trading.

4824-1203-0741.1

101.    Because Sargeant Trading is under the control of the Defendant Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT IV: NEGLIGENT BREACH OF FIDUCIARY DUTY WITH REGARDS TO THE VESSEL TRANSACTION
### (Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant, and Roos)

102.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

103.    At all relevant times herein, the daily financial affairs of Sargeant Trading were the responsibility of Defendant Roos (its CFO), Dan Sargeant (its Chairman), and the other members of Sargeant Trading's Board.

104.    As directors, officers, and majority shareholders of Sargeant Trading, the Defendant Sargeants and Roos owed fiduciary duties to Sargeant Trading.  Such duties were heightened given the special, confidential relationship and trust between the shareholders of Sargeant Trading.

105.    As fiduciaries, the Defendant Sargeants and Roos owed Sargeant Trading a duty of loyalty and utmost good faith, a duty of candor, duty to refrain from self-dealing, a duty to act with integrity, and a duty of fair and honest dealing.

106.    The Defendant Sargeants negligently breached their fiduciary duties to Sargeant Trading in the Vessel Transaction, which is intended to divert funds, physical assets, and future

value away from ACSCL and its shareholders, including Sargeant Trading, resulting in injury to Sargeant Trading and benefits to the Defendant Sargeants.

107.    By valuing the M/V ASPHALT CARRIER at a portion of its true value, and by failing and refusing to appropriately discharge their fiduciary duties, the Defendant Sargeants and Roos failed to obtain the highest value reasonably available to the shareholders under the circumstances, and failed to ensure the transaction was fair to ACSCL and its shareholders.

108.    The Defendants' negligent violations of their fiduciary duties have resulted in damages to Sargeant Trading.

109.    Because Sargeant Trading has been under the control of the Defendant Sargeants and Roos, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT V: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

110.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

111.    The Defendants had knowledge that the party or parties who owed fiduciary duties to Sargeant Trading had breached those duties.

112.    The Defendants substantially assisted, contributed to, encouraged, and furthered the accomplishment of the breaches of fiduciary duties by those owing fiduciary duties to Sargeant Trading, resulting in damages to Sargeant Trading.

4824-1203-0741.1

113.    Because Sargeant Trading is controlled by the Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT VI: MISAPPROPRIATION OF CORPORATE ASSETS
### (Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant, and Roos)

114.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

115.    Defendants Sargeant Junior, Dan Sargeant, James Sargeant, and Roos, by causing or allowing assets to be improperly distributed from Sargeant Trading for *ultra vires* purposes not related to the business activities of Sargeant Trading, have damaged Sargeant Trading in the amount of those improper distributions.

116.    These *ultra vires* distributions were made without the knowledge or authorization of Plaintiff Sargeant, a shareholder, and were not made in good faith or in furtherance of any corporate purpose.

117.    Because Sargeant Trading is controlled by the Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

4824-1203-0741.1

### COUNT VII: UNLAWFUL USURPATION OF CORPORATE OPPORTUNITY
### (Against Defendants Sargeant Trading, Sargeant Junior, Dan Sargeant, James Sargeant, and Roos)

118.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

119.    As described in the paragraphs above, the Defendant Sargeants and Roos owe duties of loyalty and fiduciary duties to Sargeant Trading.

120.    These Defendants breached their duty of loyalty and fiduciary duties by forming the GALT Entities and related entities with the specific purpose and intent to usurp the corporate opportunities of Sargeant Trading.

121.    The Defendants have been presented and continue to be presented with business opportunities which Sargeant Trading was able to undertake, were and are consistent with the business of Sargeant Trading, would have been of practical advantage to Sargeant Trading, and in which Sargeant Trading had an interest.  Such opportunities were not presented to Sargeant Trading by the Defendant Sargeants and Roos, but were instead presented by the Defendant Sargeants and Roos to the GALT Entities and related entities.

122.    The Defendants have additionally breached their duty of loyalty and fiduciary duties by pursuing the Vessel Transaction with the specific purpose and intent to usurp certain corporate opportunities of Sargeant Trading.

123.    Defendants' presentation of such opportunities to the GALT Entities and related entities in lieu of Sargeant Trading has caused the self-interests of the Defendants to be in conflict with the interests of Sargeant Trading.

124.    As a direct result of the Defendants' usurpation of corporate opportunities, Sargeant Trading has suffered damages.

4824-1203-0741.1

125.    Because Sargeant Trading is under the control of the Defendant Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

### COUNT VIII: CIVIL CONSPIRACY
### (Against All Defendants)

126.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

127.    Defendants conspired and agreed to commit the intentional misconduct and overt acts alleged in this Complaint.

128.    Specifically, the Defendant Sargeants, Roos, and Myers conspired and agreed to fraudulently inflate amounts billed to Sargeant Trading by Sargeant Bulktainers for general and administrative expenses, and to knowingly and unlawfully misdirect Sargeant Trading's funds for the personal use of Dan Sargeant and his family, resulting in damages to Sargeant Trading.

129.    The Defendant Sargeants conspired and agreed to fraudulently inflate amounts billed to Sargeant Trading by Sargeant Marine for transportation costs, and to knowingly and unlawfully misdirect Sargeant Trading's funds to Sargeant Marine, resulting in damages to Sargeant Trading.

130.    The Defendant Sargeants, Roos, Myers and the GALT Entities conspired and agreed to knowingly and unlawfully form the GALT Entities and related entities for the purpose of misdirecting and stealing the corporate opportunities of Sargeant Trading, resulting in damages to Sargeant Trading.

131.    The Defendant Sargeants, Janet Sargeant, Sargeant Marine, ACSCL, Asphalt Java Sea Corporation, and Java Sea Navigation, conspired and agreed to knowingly and unlawfully enter into the Vessel Transaction, which is intended to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in damages to Sargeant Trading.

132.    The acts in furtherance of the conspiracies were not done in good faith or in a manner that could reasonably have been believed to have been in the best interests of Sargeant Trading.

133.    Because Sargeant Trading is controlled by the Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing, plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT IX: REQUEST FOR ACCOUNTING
### (Against Sargeant Trading, Sargeant Bulktainers, ACSCL, the GALT Entities, and Sargeant Marine)

134.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

135.    Plaintiff Sargeant maintains a business interest in Sargeant Trading, and Sargeant Bulktainers operates as the administrative arm of Sargeant Trading.

136.    Sargeant Trading maintains a business interest in ACSCL.

137.    Corporate opportunities have been transferred from Sargeant Trading to the GALT Entities, and profits rightfully due to Sargeant Trading have been transferred to Sargeant Marine.

138.    The operations and finances of Sargeant Trading, Sargeant Bulktainers, ACSCL, the GALT Entities, and Sargeant Marine are extensive and complex, and as stated herein assets have been misappropriated from Sargeant Trading and Sargeant Bulktainers to Dan Sargeant and to the GALT Entities and other entities.

139.    Plaintiff Sargeant has repeatedly requested access to financial records of and an accounting for the Sargeant Trading and Sargeant Bulktainers entities, but has been denied access to such records.  Additionally, an accounting of the GALT Entities, ACSCL, and Sargeant Marine is necessary given the unlawful activities described herein.  Accordingly, there is no full, adequate, and expeditious remedy at law.

140.    Plaintiff Sargeant seeks an accounting of Sargeant Trading, Sargeant Bulktainers, ACSCL, the GALT Entities, and Sargeant Marine in order to balance the equities, adjust the accounts of the parties, and render complete justice between the parties.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, requests an accounting of Sargeant Trading, Sargeant Bulktainers, ACSCL, the GALT Entities, and Sargeant Marine; together with such other and further relief as the Court may deem just or proper.

## COUNT X: UNJUST ENRICHMENT
### (Against All Defendants)

141.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

4824-1203-0741.1

142.    The Defendant Sargeants and Roos inflated the amounts billed to Sargeant Trading by Sargeant Bulktainers for "general and administrative expenses" and misdirected the funds of Sargeant Trading to Dan Sargeant and his family, including by funneling such funds through Sargeant Bulktainers, resulting in damages to Sargeant Trading.

143.    The Defendant Sargeants and Roos inflated the transportation costs billed by Sargeant Marine to Sargeant Trading in order to transfer to Sargeant Marine profit that rightfully belonged to Sargeant Trading.

144.    The Defendant Sargeants, Roos, and the GALT Entities knowingly and unlawfully formed the GALT Entities and related entities for the purpose of misdirecting and stealing the corporate opportunities of Sargeant Trading, resulting in damages to Sargeant Trading.

145.    The Defendant Sargeants, Janet Sargeant, Sargeant Marine, ACSCL, Asphalt Java Sea Corporation, and Java Sea Navigation knowingly and unlawfully entered into the Vessel Transaction, which is intended to divert funds, physical assets, and future value away from ACSCL and its shareholders, including Sargeant Trading, resulting in damages to Sargeant Trading.

146.    Defendants' actions have resulted in the Defendants accepting or retaining benefits incurred, and it would be inequitable for the Defendants to retain such benefits without paying fair value to Sargeant Trading.

147.    Because Sargeant Trading is controlled by the Defendant Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE,  Plaintiff Sargeant, derivatively on behalf of Sargeant Trading, demands judgment for damages against Defendants for all amounts found by this Court due and owing,

4824-1203-0741.1

plus interest and costs, together with such other and further relief as the Court may deem just or proper.

## COUNT XI: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (Against All Defendants)

148.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 above as if set forth herein in full.

149.    The Defendant Sargeants, Roos, and Myers knowingly and unlawfully formed the GALT Entities and related entities for the purpose of misdirecting and stealing the corporate opportunities of Sargeant Trading, including its business relationships.

150.    The Defendant Sargeants additionally knowingly and unlawfully entered into the Vessel Transaction, which is intended in part to divert the corporate opportunities of ACSCL away from ACSCL and its shareholders, including Sargeant Trading, resulting in damages to Sargeant Trading.  The other Defendants knowingly and unlawfully assisted in furtherance of the Vessel Transaction in part to misdirect and steal the corporate opportunities of Sargeant Trading.

151.    The Defendants took advantage of such opportunities, transferring such opportunities to the GALT Entities, Asphalt Java Sea Corporation, Java Sea Navigation, and other entities, and thereby interfered with Sargeant Trading's existing business relationships.

152.    Defendants' actions have resulted in damages to Sargeant Trading.

153.    Because Sargeant Trading is controlled by the Defendant Sargeants, Sargeant Trading has wrongfully refused to seek redress for these damages.

WHEREFORE, based on all of the counts set forth above, Plaintiff Sargeant, derivatively on behalf of Sargeant Trading respectfully requests entry of an order:

a.      requiring an accounting of Sargeant Trading, Sargeant Bulktainers, ACSCL, the GALT Entities, and Sargeant Marine;

b.      instructing Defendants to pay Sargeant Trading its actual damages;

c.      requiring the disgorgement of all monies received in violation of the fiduciary duties alleged herein;

d.      imposing a constructive trust on all moneys received in violation of the fiduciary duties alleged herein to prevent the unjust enrichment that would otherwise be afforded to Defendants, including assets owned as a result of any illegal diversion of funds, and Roos' Ocean Cay interest;

e.      awarding Plaintiff its attorneys' fees and costs incurred in bringing this action; and

f.      awarding all other relief this Court deem just and proper.

## DEMAND FOR A JURY TRIAL

154.    Plaintiff Harry Sargeant III, derivatively on behalf of Sargeant Trading, requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher M. Kise

Mark T. Mitchell*
Texas Bar No. 14217700
Deirdre B. Ruckman*
Texas Bar No. 21196500
Frederick W. Sultan, IV*
Texas Bar No. 00797524
GARDERE WYNNE SEWELL LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
(512) 542-7072 (telephone)
(512) 542-7272 (facsimile)
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 999-4250 (telephone)
(214)999-3250 (facsimile)

*Pro hac vice motions forthcoming

Christopher M. Kise
Florida Bar No. 855545
Primary email: ckise@foley.com
Secondary email: pgordon@foley.com
James A. McKee
Florida Bar No. 638218
Primary email: jmckee@foley.com
Secondary email: sodonnell@foley.com
Melissa B. Coffey
Florida Bar No. 84090
Primary email: mcoffey@foley.com
Secondary email: bblackburn@foley.com
FOLEY & LARDNER LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301-7732
850-222-6100 (telephone)
850-561-6475 (facsimile)

and

Alan R. Poppe
Florida Bar No. 186872
Primary email: apoppe@foley.com
Secondary email: tvillardefrancos@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard Suite 1900
Miami, FL 33131
305-482-8400 (telephone)
305-482-8600 (facsimile)

Attorneys for Plaintiff Harry Sargeant, III

4824-1203-0741.1

## **VERIFICATION**

STATE OF COLORADO  )
          )
COUNTY OF PITKIN   )

  Before me, the undersigned notary public, personally appeared Harry Sargeant, III, derivatively on behalf of Sargeant Trading, Ltd., who first being duly sworn, made the following certification:

  Under penalties of perjury, I declare that I have read the foregoing Complaint and that the facts stated in it are true to the best of my knowledge and belief.

              _____
              Harry Sargeant, III

  The foregoing instrument was acknowledged before me this 13 day of August, 2013, by Harry Sargeant, III, who is [ ] personally known to me, or [X] who produced the following as identification: DRIVERS LICENSE, and who did/did not take an oath.

              _____
              NOTARY/PUBLIC
              STATE OF COLORADO

CORY NELSON POTTER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20124063251
MY COMMISSION EXPIRES SEPTEMBER 28, 2016

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail this 13th day of August, 2013 to:

Charles Lichtman
Berger Singerman LP
350 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, FL 33301
Main: 954-712-5138
Fax: (954) 523-2872

Counsel for Defendants
Harry Sargeant Jr., Daniel Sargeant, James
Sargeant, Stephen L. Roos, Anthony Myers,
Sargeant Bulktainers, Inc., Global Asphalt
Logistics and Trading, LLC, Global Asphalt
Logistics and Trading SAGL, a Swiss
Company, and Sargeant Trading LTD.


/s/ Christopher M. Kise
Christopher M. Kise