UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Case No. 14-26919-EPK

BTB REFINING, LLC,                                              Chapter 7

       Debtor.

_____/

**PETITIONING CREDITORS' RESPONSE TO MOTION TO DISMISS AND MOTION
FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT**

The petitioning creditors identified below (the "**Petitioning Creditors**"),[1] pursuant to 11

U.S.C. § 303(b) and (h) and Fed. R. Bankr. P. 1018, 7012 and 7056, oppose the dismissal of their

involuntary bankruptcy petition and request for the immediate entry of an order for relief herein,

and in support thereof state as follows:

**INTRODUCTION**

The following **_admissions_** by Alleged Debtor in its Motion to Dismiss (ECF No. 6)

support the immediate entry of an Order for Relief:

> The Alleged Debtor owes and has yet to pay forty-three creditors (43) creditors
> with aggregate debt in the amount of $171,579.50,[2] which the Alleged Debtor
> proposes to pay in full upon dismissal of the case;

> The Alleged Debtor owes and has yet to pay three of the Petitioning Creditors the
> following undisputed debts: (i) McDonnell Engineering- $14,266.97, (ii) Cox
> Tank Construction, Inc. - $28,000, and (iii) American Insulation $13,150.00[3];

> The Alleged Debtor claims to have negotiated various forbearance agreements
> and payment plans with twenty-one (21) creditors asserting aggregate debt against
> the Alleged Debtor in the amount of $1,240,867.50[4]; and

---

[1] The four petitioning creditors are Rex G. McDonnell III, Cox Tank Construction, Inc., American Insulation, and
Sargeant Trading Limited.
[2] See ECF No. 6 at Schedule "2."
[3] See ECF No. 6 at  p.6 and Schedule "2."
[4] See ECF No. 6 at Schedule "1."

The Alleged Debtor admits that six (6) creditors assert aggregate disputed indebtedness against the Alleged Debtor in the amount of $6,200,000.[5]

Notwithstanding these fatal admissions, the Alleged Debtor spuriously opposes the entry of an Order for Relief relying upon three equally flawed arguments: (i) the Alleged Debtor's existing and proposed payment arrangements evidence that the Alleged Debtor is paying its debt as they come due; (ii) the Alleged Debtor's existing and proposed payment arrangements warrant abstention of this case by the Court; and (iii) that the involuntary petition should be dismissed on the basis that it was commenced in bad faith.

The Court need not travel beyond the four corners of the Motion to Dismiss in holding that substantial cause exists for the immediate entry of an Order for Relief.[6]  **First**, the Alleged Debtor's own admissions make clear that the Alleged Debtor has not paid the undisputed debts of at least *sixty four* creditors, *forty-three* of which continue to remain past due.  **Second**, the Alleged Debtor's existing and proposed payment arrangements militate against abstention of this bankruptcy case. detailed in the Motion to Dismiss heavily militate in favor of the entry of an Order for Relief because the Alleged Debtor makes no provision for reconciling, reserving, or paying any portion of the $6.2 Million of "disputed" debts referenced by the Alleged Debtor potentially owed to six creditors of the Alleged Debtor.  **Third**, the Petitioning Creditors filed the involuntary petition in good faith effort to avoid the unequal treatment of similarly situated creditors as would clearly take place under the existing and proposed payment arrangements wherein the Alleged Debtor: (i) pays some creditors immediately in full, (ii) pays some creditors over time, (iii) forbears paying other creditors, and (iv) provides no treatment to at least six creditors asserting disputed debt constituting 86% of the aggregate indebtedness detailed in the

---

[5] See ECF No. 6 at 9.

[6]  The Alleged Debtor does not contest that it is a person against whom an order for relief may be entered under Title 11 of the United States Code. Section 109 of the Bankruptcy Code.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Alleged Debtor's Motion to Dismiss.  For the foregoing reasons as supplemented below, the Court should deny the Alleged Debtor's Motion to Dismiss and immediately enter an Order for Relief.

## Procedural History and Relevant Background

1. On July 28, 2014, the 4 Petitioning Creditors filed an involuntary petition against Alleged Debtor, BTB Refining, LLC (the "Alleged Debtor") under chapter 7 of the United States Bankruptcy Code.  No order for relief has been entered and no trustee has been appointed.

2. On August 6, 2014, the Alleged Debtor contested the involuntary petition under Federal Rule of Bankruptcy Procedure 1011(b) by filing a motion to dismiss the involuntary petition and for related relief (the "Motion to Dismiss") [ECF No. 6], which is scheduled for preliminary hearing on September 19, 2014  at 1:30 p.m.  See ECF No. 10.

3. The Alleged Debtor has not conducted any business operations since December of 2013. Prior to losing a fraudulent transfer trial it was the title owner of an asphalt refinery in Corpus Christi Texas. *See PDVSA v. BTB*, 09-38 [ECF No. 239] (S.D. Tex. Aug. 7, 2012).

4. The Petitioning Creditors believe that the Alleged Debtor has no working capital or financing prospects, and that its only assets of significant value are its asserted lien rights in real property owned by Trigeant, Ltd. located in 6600 Up River Road, Corpus Christi, Texas. By the Alleged Debtor's own admissions, it has over $1 million in undisputed liabilities, all of which is believed to be significantly past due.

5. Moreover, it appears that the Alleged Debtor has encumbered its largest asset in a secret agreement with PDVSA.  *See* Deed of Trust attached hereto as **Exhibit "A."**

## RELIEF REQUESTED

6.      The Petitioning Creditors seek entry of an Order denying the Alleged Debtor's Motion to Dismiss and the immediate entry of an Order for Relief on their involuntary bankruptcy petition pursuant to 11 U.S.C. § 303(b) and (h).

## MEMORANDUM OF LAW IN SUPPORT OF RELIEF REQUESTED

**I.      The Alleged Debtor is Generally Not Paying its Undisputed Debts as Such Debts Become Due Under 11 U.S.C. § 303(h)**

Section 303(h) provides:

> (h)      If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—
>
> > (1)      the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or
> >
> > (2)      within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

11 U.S.C. § 303(h).

To determine whether an alleged debtor is "generally not paying" its undisputed debts as they come due under section 303(h)(1), courts in this district apply a "totality of the circumstances" test which "focuses on the debtor's financial condition by looking at several different factors, including the number of unpaid claims, the amount of the claims, the materiality of nonpayment, and the overall conduct of the debtor's financial affairs." *Federal Fin. Co. v. DeKaron Corp.*, 261 B.R. 61, 65 (S.D. Fla. 2001) (citing *In re Smith,* 243 B.R. 169, 190 (Bankr. N.D. Ga. 1999). To determine whether an alleged debtor is "generally not paying" his debts as they become due, so as to be properly subject to an involuntary petition, courts

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

examine the matured and unpaid debt in context of its size in proportion to assets of the debtor, and its size in proportion to other debt. *In re Paper I Partners, L.P.,* 283 B.R. 661 (Bankr. S.D. N.Y. 2002); *In re Antar*, 2013 WL 1622217, Case No. 12-13288-AJC (Bankr. S.D. Fla. April 15, 2013) (Holding that under the totality of the circumstances, alleged debtor's non-payment of 85% of his debts as they became due gives rise to assertion that he is "generally not paying his debts as they come due") (J. Cristol).

Under any objective standard- it is axiomatic that the Alleged Debtor is not paying its debts as they become due.  First, it is undisputed that the Alleged Debtor has not paid sixty four creditors holding undisputed aggregate debt in the amount of $1,412,447[7] upon the original maturity date of their respective undisputed debts.  Moreover, it is undisputed that as of the Petition Date, forty-three creditors asserting undisputed debts in the amount of $171,579.50[8] remain unpaid and did not consent to any extension of the maturity of their undisputed debts.

Second, the Alleged Debtor's admission that it has made arrangements with twenty-one creditors to extend the time for paying its debts actually evidences that the Alleged Debtor is not paying its debts as they come due.  See *In re Smith*, 243 B.R. 169 (Bankr. N.D. Ga. 1999)( The fact that involuntary debtor has made arrangements with creditors to extend time for paying his/her debts constitutes evidence of debtor's failure to pay debts as they become due).

Third, at least two creditors not listed on the Alleged Debtor's schedules have filed joinders to the involuntary petition asserting unpaid matured debts in the aggregate amount of $11,179.78.  *See* ECF Nos. 11, 20.

---

[7]      Although the Alleged Debtor's own Schedules "1" and "2" reflect aggregate debt of $1,412,447, the Alleged Debtor incorrectly alleges owing $954,402.13 to "cooperating creditors" and $171,597.50 to "creditors to be paid in full." *See* ECF No.6 at Exhibit "C."

[8]      *Id.*

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999

Finally, a nationwide docket[9] search reveals that at least eight suits have been filed against the Alleged Debtor in Florida and Texas seeking repayment of various debts:

(1) *Sage Enviro Tech, Limited v. BTB Refining, LLC*, Case No. 2012-CCV-61750-1, County Civil Court, Nueces County, Texas, filed September 12, 2012 (seeking recovery of $112,613.20 for unpaid tank cleaning and repair services);

(2) *Ferguson Enterprises, Inc. d/b/a Wolseley Industrical Group v. BTB Refining, LLC*, Case No. 2013-DOV-3018-6, District Court, Nueces County, Texas, filed June 10, 2013 (seeking recovery of $205,474.44 for unpaid goods previously delivered to the Alleged Debtor);

(3) *GEM Mobile Treatment Services, LLC v. BTB Refining, LLC*, Case No. 2014-DCV-2403-A, District Court, Nueces County, Texas, filed on June 2, 2014 (seeking recovery of $148,894.00 for unpaid goods and services);

(4) *Scott Air Electric Co., et al., v. BTB Refining, LLC*, Case No. 2013CCV-61474-3, County Court, Nueces County, Texas, filed on August 8, 2013 (seeking recovery of $7,950.03 for unpaid goods and services furnished to Alleged Debtor ) (Default Judgment in the principal amount of $8,310.66 entered on October 17, 2013;

(5) *Southcross Marketing Company, LTD v. BTB Refining, LLC*, Case No. 14-00897-DC, District of Texas, Dallas County, filed on January 29, 2014 (case has sense closed)

(6) *H&S Constructors, Inc. v. BTB Refining, LLC*, Case No. 2014-CCV-60300-2, County Court, Nueces County, Texas, filed on February 12, 2014 (seeking recovery of $25,032.81 for unpaid goods and services);

---

[9]      Attached hereto as **Composite Exhibit "B"** is the nationwide docket search, the operative complaints asserted by creditors, and the default judgment in favor of Scott Electric.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

(7)   *Lone Star Railroad Contractors, Inc. v. BTB Refining, LLC*, Case No. 2014-CCV-60831-2, County Court, Nueces, filed on April 18, 2014 (seeking recovery of $30,282.00 for unpaid goods and services); and

(8)   *Soliant Physician v. BTB Refining, LLC*, Case No. 502012CA003275XXXXMB, Fifteenth Judicial Circuit, Palm Beach County, Florida, filed on February 21, 2012 (seeking recovery for contract damages in excess of $15,000).

Based on the Alleged Debtor's plain admissions and other evidence in the referenced documents attached hereto, it is conclusive that the Alleged Debtor is not paying its debts as they come due.   Accordingly, the Petitioning Creditors believe there is no genuine issue as to any material fact they have to prove under section 303(h) and that the burden should now be shifted to the Alleged Debtor to demonstrate that it is generally paying its undisputed debts as they come due, by way of competent evidence under Federal Rule of Civil Procedure 56(c), incorporated herein by Federal Rules of Bankruptcy Procedure 1018 and 7056, to avoid summary judgment and entry of an order for relief.

## II.   At Least Three Petitioning Creditors are Eligible Under 11 U.S.C. § 303(b)[10]

Section 303(b) provides:

(b)   An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1)   by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,500 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2)   if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545,

---

[10]   Sargent Trading will address its qualifications in a separate response to be filed by Sargent Trading with the Court.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,325 of such claims;

11 U.S.C. § 303(b).

In determining whether a particular claim in subject to a bona fide dispute under section 303(b)(1), courts in this district generally evaluate whether "there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts." *Remex Electronics Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*, 127 B.R. 482, 485 (S.D. Fla. 1991) (citing *In re General Trading, Inc.,* 87 B.R. 216 (Bankr. S.D. Fla.1988) (Weaver, J.)).  "The test is whether there is any legitimate basis for the debtor not paying a debt, whether that basis is factual or legal." *Id.*

## A.      Alleged Debtor admits liability of at least three of the Petitioning Creditors

In this case, by the Alleged Debtor's own admissions, at least three of the 4 Petitioning Creditors hold an unsecured claim against the Alleged Debtor that is not contingent as to liability or the subject of a bona fide dispute as to liability under section 303(b)(1). Moreover, the Alleged Debtor's offer to pay three of the Petitioning Creditors in full evidences the Alleged Debtor's admission of liability.  *In re Key Auto Liquidation Center, Inc.*, 372 B.R. 74, 77 (Bankr. N.D. Fla. 2007) (citing *In re Faberge Restaurant of Florida, Inc.*, 222 B.R. 385, 388 (Bankr. S.D. Fla. 1997) (stating that payment of a debt post-petition is an admission of liability).

## B.      No bona fide dispute exists to amount of at least three of the Petitioning Creditors' claims

The Alleged Debtor admits the amount owed to Cox Tank Construction, Inc.  See ECF # 6 at Schedule 2.  Although the Alleged Debtor schedules indebtedness in favor of McDonell Engineering and American Insulation that nominally differs from the amounts listed in the Petition, the Alleged Debtor fails to provide a basis for any bona fide dispute as to both amounts.

American Insulation's claim is based upon a final judgment and is thus not subject to a bona fide dispute as to amount.  McDonell Engineering's claim is based upon unpaid and undisputed open invoices for engineering services provided to the Alleged Debtor reflected in the attached invoices as **Composite Exhibit "C."**

For these reasons, there is no genuine issue as to any material fact that at least three of the Petitioning Creditors have to prove in respect of their threshold eligibility under section 303(b).

### C.        No bona fide dispute exists as to liability for Sargeant Trading's Claim[11]

BTB argues that the Sargeant Trading Claim is subject to set off and therefore are disputed.  This argument has been explicated rejected by this Court.  In *Vicor Tech.*, this Court held "a defense to a claim in the form of recoupment goes to the heart of the claim and results in a bona fide dispute of the claim. But a defense to a claim in the form of an independent counterclaim does not in any manner challenge the original claim and so does not place the original claim in bona fide dispute." *Vicor Tech.*, *supra*, at Note 3.  BTB has not articulated a claim for recoupment, nor has it stated that it has a claim against the Sargeants relating to the original transaction. *Id*.

As evidence regarding "set-off" and to bolster its "bona fide dispute position" BTB points to a pending complaint in Texas, which involves many of the same parties but does not mention the Sargeant Trading Claim. Indeed, the claims raised in that suit pertain exclusively to the fraudulent transfer by BTB of the ***Trigeant Ltd*** owned refinery. These, if they are legitimate claims do relate to the same transaction giving rise to the Sargeant Trading Claim and therefore cannot be used a basis to disqualify the holder of this debt.  Indeed, any argument relating to "dispute" is belied by Kerkeide's testimony and the Audit Letters.

---

[11] In order to avoid any confusion over standing regarding the debt asserted by Sargeant Trading, Daniel Sargeant, James Sargeant and Harry Sargeant II have all filed joinders to the Involuntary Petition.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

The Debtor agreed, in writing, to a repayment schedule and confirmed the amount and validity of Sargeant Claims in exchange for forbearance on collection on the amount due and owed.  The obligation could only be nullified if the Debtor has been released or the Sargeants had cancelled the instrument. However, there is nothing in the record — and no case law cited by the Alleged Debtor — which indicates that the Sargeant Trading Claim is somehow released, by virtue of the distribution or bad debt deduction disclosed in Sargeant Trading's financials. *See Cavoto v. Hayes*, No. 08 C 6957, 2010 WL 2679973, at *5 (N.D. Ill. 2010) ("the court is not aware of any rule of law that bars a creditor's recovery of a debt after taking a bad-debt deduction.").   In other words, unless Sargeant Trading assigned or released its claim against, BTB, the "deemed distribution" has no effect on Sargeant Trading's ability to collect on account of its claim.[12]

### III.    Alleged Debtor's proposed payment of Petitioning Creditors' "undisputed" claims is not basis to deny Order for Relief.

The Alleged Debtor's proposed post-payment in full of three of the four Petitioning Creditors does not provide a legal basis to avoid the entry of an Order for Relief.    "It is well settled that the fact that a creditor is paid post-petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under § 303(b)(l)." *In re Faberge Restaurant of Florida, Inc.,* 222 B.R. 385 (Bankr. S.D.Fla. 1997) (quoting *In re Sjostedt,* 57 B.R. 117, 120 (Bankr. M.D.Fla. 1986)); *In re Claxton,* 21 B.R. 905, 908–09 (Bankr. E.D.Va. 1982) (determining the sufficiency of the involuntary petition by looking only to the petitioners' status as creditors on the date the original petition was filed, and further stating that "[i]mportant policy considerations underlie this rule, which is aimed at avoiding collusion between petitioners and the debtor.  An involuntary petition protects

---

[12] The holders of the Sargeant Trading Claim will be separately filing their own response to the Motion.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

all creditors of the debtor, not only those presently before the court.") (citing *In re All Media Properties, Inc.,* 5 B.R. 126, at 144–145 (Bankr. S.D.Tex. 1980), aff'd, 646 F.2d 193 (5th Cir. 1981)); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.,* 47 F.2d 487, 489 (1st Cir. 1931) ("Who are outstanding creditors and their number is to be determined as of the date of the filing of the petition." A creditor's settlement of his claim against the debtor after the petition was filed was immaterial); *In re Key Auto Liquidation Ctr., Inc.,* 372 B.R. 74, 78 (Bankr. N.D. Fla. 2007) ("[A]n alleged debtor cannot avoid an order for relief by paying creditors post-petition.") (citing *In re Faberge Restaurant of Florida, Inc.,* 222 B.R. at 388); *In re All Media Properties, Inc. .,* 5 B.R. 126, 144–45 (Bankr. S.D. Tex. 1980) ("[T]o deny relief simply because the debtor brings some of his debts current after the petition is filed would deprive other creditors, who remain unpaid, of the protective provisions afforded creditors under the Code."). *In re Antar*, 2013 WL 1622217 at p. 7, Case No. 12-13288-AJC (Bankr. S.D. Fla. April 15, 2013) ([A]lleged debtors should not be permitted to "buy" their way out of the requirements of an involuntary proceeding. If the requirements of 11 U.S.C. § 303(b) are met as of the date the involuntary petition is filed, the law is well-settled that subsequent settlement with a creditor should be of no consequence.").

Even if all the Petitioning Creditors consented to the dismissal of the involuntary petition, the Court would still need to adjudicate that dismissal was in the best interests of all creditors upon notice to all creditors with an opportunity for all creditors to be heard. *In re Warren*, 181 B.R. 136, 138 (Bankr. N.D. Ala. 1995) (holding proposed settlement did not treat similarly situated creditors equally and could not be approved); *In re Wayne's Sport Haus. Ltd.*, 27 B.R. 521, 522 (Bankr. E.D. Mich. 1983)(refusing to grant unopposed motion to dismiss where settlement provided that debtor's president would pay only petitioners).

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

IV.    **Abstention of this case is not warranted under any test.**

A.    **Standard and burden of proof**

Section 305(a) provides:

> The Court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-

> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . . .

11 U.S.C. 305(a).

Before this Court may abstain from preceding with this case, the Court must be satisfied that abstention would be in the best interest of creditors and the debtor alike, and that the abstention would best serve the interest of all parties of interest rather than the interest of a particular creditor or a particular class of creditors. *Matter of First Dade Corp.,* 17 B.R. 887, 889 (Bankr. M.D. Fla. 1982).   Courts must exercise great care in using the discretion granted by Section 305(a) to dismiss a case as:

> [t]here is an inherent risk to our system of jurisprudence in any Act of Congress which gives the courts such broad powers to refuse jurisdiction over a case. This risk is compounded by the finality and non-appealability of an order entered under this section. Indeed, by giving an example of the situation in which abstention or dismissal would be appropriate, ***Congress has indicated that it intended Section 305(a) dismissals to be the exception rather than the rule.***

*In re Taylor Agency, Inc*., 281 B.R. 354, 360 (Bankr. S.D. Ala. 2001) (emphasis added).   Thus, abstention is "an extraordinary remedy that should be used sparingly and not as a substitute for a motion to dismiss under other sections of the Bankruptcy Code."   *In re Schur Mgmt. Co., Ltd.*, 323 B.R. 123, 129 (Bankr. S.D.N.Y. 2005).   Accordingly, the "burden of proof is upon the party seeking abstention and ***it is substantial***." *In re Sherwood Enterprises, Inc*., 112 B.R. 165, 168 (Bankr. S.D. Tex. 1989) (emphasis added).

As a threshold matter, the Alleged Debtor fails to set forth a single fact sufficient to meet its **<u>substantial</u>** burden of proof in the sole paragraph devoted by the Alleged Debtor to examining whether the Court should exercise the extraordinary remedy of abstention. Instead, the Alleged Debtor simply re-asserts that the Petitioning Creditors failure to satisfy the requirements of Section 303(h) warrants abstention. Courts have held that abstention is not to be used as a substitute for a motion to dismiss under other sections of the Bankruptcy Code. *In re Schur Mgmt. Co., Ltd.*, 323 B.R. 123 (Bankr. S.D.N.Y. 2005). Thus, the Alleged Debtor's abstention request is facially without merit.

### B.    Factors in this case heavily weigh against Abstention

The legislative history of Section 305 states that abstention is appropriate when, an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to exact full payment. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 325 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6281. Some courts utilize a three-prong test authorizing abstention only when (1) the petition was filed by a few recalcitrant creditors and most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending; and (3) dismissal is in the best interest of the debtor and all creditors. *See In re Grigoli*, 151 B.R. 314, 319 (Bankr. E.D.N.Y. 1993); *In re Trina Assoc.*, 128 B.R. 858, 867 (Bankr. E.D.N.Y. 1991); *In re Sherwood Enterprises, Inc.*, 112 B.R. 165, 167–68 (Bankr. S.D.Tex. 1989); *In re RAI Marketing Services, Inc.*, 20 B.R. 943, 946 (Bankr. D.Kan. 1982). Other courts look to a number of established criteria in determining whether abstention would "better serve" the interests of the debtor and creditors, including, *inter alia*: (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending

proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought. *In re 801 S. Wells St. Ltd. P'ship*, 192 B.R. 718, 723 (Bankr. N.D. Ill. 1996); *In re Fax Station, Inc*., 118 B.R. 176, 177 (Bankr.D.R.I.1990). *See also In re Artists' Outlet, Inc*., 25 B.R. at 233 (citing cases); *In re Win–Sum Sports, Inc*., 14 B.R. 389, 394 (Bankr.D.Conn. 1981).

Under either test, all factors heavily favor against abstention in the instant matter.

1.     **Alleged Debtor has not demonstrated any creditor opposition to the bankruptcy case.**

Although the Alleged Debtor asserts that it has reached various agreements with several creditors on the repayment or forbearance of their claims, not a single creditor has joined the Alleged Debtor's Motion to Dismiss or has voiced any opposition to the entry of an Order for Relief.  On the contrary, the involuntary petition was initially commenced by four (4) Petitioning Creditors but has since been joined by two additional creditors.  See *In re Paper I Partners, L.P*., 283 B.R. 661 (Bankr. S.D. N.Y. 2002) (The court refused to abstain from hearing an involuntary Chapter 7 case under section 305, in part, because no creditors had appeared in opposition).

2.     **There does not already exist a pending state insolvency proceeding.**

The Alleged Debtor and its creditors have no pending state insolvency proceeding to turn to**.**  Courts opting to abstain, frequently do so when there is another suitable forum with a pending action currently before it, "the resolution of which will equitably satisfy creditors and

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

will not be unduly burdensome or prejudicial to the debtor." *In re RCM Global Long Term Capital Appreciation Fund, Ltd.,* 200 B.R. 514, 525 (Bankr. S.D.N.Y. 1996). *See also In re Fortran Printing, Inc.*, 297 B.R. 89, 96 (Bankr. N.D. Ohio 2003) (The bankruptcy court dismissed an involuntary petition in favor of a state receivership proceeding); *In re Sun World Broadcasters, Inc.*, 5 B.R. 719 (Bankr. M.D. Fla. 1980) (same).

       3.    **Out-of-Court arrangement does not provide treatment for all creditors.**

The Alleged Debtor's own Motion to Dismiss cites to six (6) creditors asserting aggregate claims against the Alleged Debtor in excess of $6,200,000, which the Alleged Debtor disputes (the "Disputed Debt"). *See* Motion to Dismiss at p 9. The sole out-of-court arrangement proposed by the Alleged Debtor seeks to pay some creditors in full, pay some creditors over time, forbear paying other creditors under undisclosed forbearance arrangements, but provides no forum, reserve, or proposed treatment to reconcile the Disputed Debt that constitutes at least 86% of the debt asserted against the Alleged Debtor. This factor heavily weighs against abstention as all creditors asserting Disputed Debts will be forced to commence and prosecute separate suits in different venues seeking various forms of pre-judgment relief that will likely prejudice both the creditors holding Disputed Debt and creditors treated under the Alleged Debtor's various out-of-court proposals.

       4.    **Bankruptcy court is the only economic and efficient venue.**

The bankruptcy court is the only economic and efficient venue to administer the Alleged Debtor's assets and reconcile the Alleged Debtor's liabilities. Bankruptcy jurisdiction provides: *(i)* an efficient claims reconciliation procedure under Chapter 5 of the Bankruptcy Code for the Alleged Debtor's Disputed Claims; *(ii)* the statutory authority to avoid and recover preferential payments to both insiders and non-insiders of the Alleged Debtor; *(iii)* a distribution scheme detailing priority of payment and ensuring equitable treatment of similarly situated creditors.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Absent bankruptcy court jurisdiction, all creditors asserting Disputed Debts will be forced to commence and prosecute separate suits in different venues seeking various forms of pre-judgment relief that will likely prejudice the creditors holding Disputed Debt, creditors treated under the Alleged Debtor's various out-of-court proposals, and the Alleged Debtor forced to defend itself in multiple proceedings in varied venues.

      5.       **Dismissal is not in the best interest of the Alleged Debtor and <u>all</u> creditors.**

Dismissal is not in the best interests of the Alleged Debtor and all of its creditors as the bankruptcy case is the only economic and efficient venue to administer the Alleged Debtor's assets and reconcile the Alleged Debtor's liabilities.  The Alleged Debtor and its creditors have no pending state insolvency proceeding to turn to, and there is currently no process in place by which the universe of claims can be identified, no funds reserved pending resolution of the disputed claims, and no process by which the disputed claims can be resolved.  Absent bankruptcy court jurisdiction, all creditors asserting Disputed Debts will be forced to commence and prosecute separate suits in different venues seeking various forms of pre-judgment relief. Such actions would likely prejudice all creditors as well as the Alleged Debtor.  As such, a federal court proceeding – specifically a bankruptcy court proceeding – is necessary to reach a just and equitable resolution of the matter as there are no alternate means of achieving an equitable distribution of assets. Finally, a less expensive out-of-court arrangement simply does not exist.

      6.       **Federal proceedings are necessary to reach just and equitable resolution.**

The Alleged Debtor's assets and liabilities are entangled in proceedings pending in Maryland, Florida and Texas.  The only means to consolidate and reconcile the treatment of approximately seventy known creditors with asserted claims against the Alleged Debtor is

through a federal proceeding with nationwide service of process and a single procedural framework for preserving and maintaining the due process rights of all interested parties.

**7.       No alternative means of achieving an equitable distribution of assets.**

There is no alternative means of achieving an equitable distribution of assets.   The Alleged Debtor and its creditors have no pending state insolvency proceeding to turn to**,** and the sole out-of-court arrangement proposed by the Alleged Debtor provides no forum, reserve, or proposed treatment to reconcile the Disputed Debt and seeks to pay some creditors in full, pay some creditors over time, and forbear paying other creditors under undisclosed forbearance arrangements.

**8.       Less expensive out-of-court arrangement does not exist.**

A less expensive out-of-court arrangement does not exist.   Bankruptcy court jurisdiction would provide the most efficient and economical manner of administering the Alleged Debtor's estate, as absent bankruptcy court jurisdiction, all creditors asserting Disputed Debts will be forced to commence and prosecute separate suits in different venues with Alleged Debtor forced to incur the administrative costs of defending against a multitude of suits.   Moreover, bankruptcy jurisdiction provides an efficient claims reconciliation procedure, the statutory authority to avoid and recover preferential payments, and a distribution scheme detailing priority of payment and ensuring equitable treatment of similarly situated creditors under the umbrella of one proceeding.

**9.       The purpose for which bankruptcy jurisdiction has been sought favors against abstention.**

Bankruptcy jurisdiction has been sought by the Petitioning Creditors for the sole purpose of obtaining an equitable distribution on their claims.   Such a concern is more than valid, provided that the Alleged Debtor's own Motion to Dismiss details an inherently prejudicial proposed payment plan whereby the Alleged Debtor seeks to pay some creditors in full, pay

**AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999**

some creditors over time, forbear paying other creditors under undisclosed forbearance arrangements, but provides no forum, reserve, or proposed treatment to reconcile the Disputed Debt that constitutes at least 86% of the debt asserted against the Alleged Debtor.   *See Gen. Trading Inc. v. Yale Materials Handling Corp*., 119 F.3d 1485 (11th Cir. 1997) (The Court held that a creditor's concern for protecting itself against other creditors' obtaining disproportionate share of debtor's assets is proper purpose for filing involuntary petition.)

For the forgoing reasons, the Alleged Debtor's request for abstention should be denied.

**C.    Authority relied upon by Alleged Debtor is inapposite to instant case.**

The Alleged Debtor seeks abstention relying, in part, upon Judge Weaver's opinion in the case of  *In re R. V. Seating, Inc.,* 8 B.R. 663 (Bankr. S.D. Fla. 1981).  The Alleged Debtor's reliance on *R.V. Seating* is misplaced.[13]  In *R. V. Seating, Inc.,* an involuntary petition was filed against alleged debtor by a judgment creditor. The judgment creditor was the alleged Debtor's **sole creditor**, and was entitled to proceed against the judgment debtor in an alternate forum, under the rubric of a proceedings supplementary. The Court in *R. V. Seating, Inc.* found the sole creditor failed to show any special circumstances such as fraud, trick, artifice, or scam being perpetrated by the Debtor, **or** that it would not be able to obtain as much relief from alleged debtor as Bankruptcy Code provided by proceeding supplementary to its state court judgment, and as, such dismissal of involuntary petition under Section 305(a) was appropriate.

Here, unlike *R.V. Seating*, the Alleged Debtor acknowledges at least 70 creditors, six of which assert Disputed Debts aggregating 86% of the indebtedness asserted against the Alleged Debtor.  Moreover, in contrast to the proceeding supplementary in *R.V. Seating*, there is no state

---

[13]    The Alleged Debtor asserts in the Motion to Dismiss, that in *R. V. Seating, Inc*., Judge Weaver relied upon the "third prong" of the three-prong legislative test in dismissing the involuntary Chapter 7 filing. However, Judge Weaver indicates that the economy of bankruptcy administration is merely "one factor to be considered in determining whether the interests of creditors and the debtor would be better served by dismissal." *Id.* at 665.  Thus, the case is better characterized as one in which the court looked to a number of established criteria in determining whether abstention would "better serve" the interests of the debtor and creditors.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

insolvency proceeding or single alternate available forum that would allow for: (i) the expedited reconciliation of the Disputed Debts; (ii) the equitable distribution of Alleged Debtor's assets among similarly situated creditors; and (iii) the avoidance of preferential transfers for the benefit of all creditors of the Alleged Debtor.  By the Alleged Debtor's own admissions, this case is anything but a two-party dispute, and thus the Alleged Debtor's reliance on R.V. Seating is unavailing.  See *In re Vista Bella, Inc.,* 11-00149-MAM-7, 2011 WL 3889240 (Bankr. S.D. Ala. 2011) (finding there was not two-party or limited party dispute when the petitioning creditors with the bulk of the debt were unsecured creditors who would share pro rata with the other creditors).

The Alleged Debtor also relies upon *In re Sun World Broadcasters, Inc*., 5 B.R. 719 (Bankr. M.D. Fla. 1980).  In *Sun World Broadcasters, Inc*., the Court abstained from proceeding with an involuntary petition under chapter 7 in favor of allowing the conclusion of a state court receivership proceeding that had been pending after four years of contentious litigation. *Id.* at 721-723.  The court found that the interests of creditors in general and of the alleged debtor would be best served by abstention because an alternative state court proceeding already provided a venue to administer the debts and assets of the alleged debtor.  *Id.*  Furthermore, the court noted that the true motivation for the filing of the involuntary petition was an attempt by the principal petitioning creditor to escape the state court treatment it was receiving in the state court proceeding. *Id.* at 721-723.  Here, in stark contrast to the state receivership in *Sun World Broadcasters, Inc.*, there is no state insolvency proceeding or single alternate available forum that would allow for: (i) the expedited reconciliation of the Disputed Debts; (ii) the equitable distribution of Alleged Debtor's assets among similarly situated creditors; and (iii) the avoidance of preferential transfers for the benefit of all creditors of the Alleged Debtor.  Moreover, unlike Sun World, the involuntary petition was filed by four petitioning creditors and later joined by

two additional creditors all collectively seeking the equitable treatment of all similarly situated creditors.

### V.    Involuntary petition filed by Petitioning Creditors in good faith.

The 11th Circuit has favorably referred to three tests for determining when an involuntary petition is filed in bad faith: (1) the "improper purpose" test; (2) the "improper use" test; and (3) the "Rule 9011" test. *In re Key Auto Liquidation Center, Inc.*, 372 B.R. 74, 77 (Bankr. N.D. Fla. 2007) (citing *General Trading Inc. v. Yale Materials Handling Corp.,* 119 F.3d 1485, 1501-02 (11th Cir. 1997). "Regardless of which test used, bad faith does not exist when a petitioning creditor's primary motivation in filing the petition is to "**protect itself against other creditors' obtaining a disproportionate share of [the alleged debtor's] assets**." *Id.* (emphasis added).

In *Key Auto,* Judge Killian found that the alleged debtor failed to demonstrate bad faith on the part of the petitioning creditors where the evidence demonstrated that the involuntary petition was filed to protect the petitioning creditors against the dissipation of the alleged debtor's assets when it appeared that some creditors would receive $100,000 of the debtor's bank account deposits while the petitioning creditors would remain unpaid.    *In re Key Auto Liquidation Center, Inc.*, 372 B.R. at 77-78.    Here, like *Key Auto*, the Petitioning Creditors overriding motivation is to protect themselves and all similarly situated creditors from obtaining a disproportionate share of the Alleged Debtor's assets.    As in *Key Auto*, the Alleged Debtor's own admissions evidence that the Alleged Debtor has entered into undisclosed payment arrangements with some creditors while failing to pay any debt owed to numerous creditors, including the Petitioning Creditors.    Moreover, the evidence also demonstrates that the Alleged Debtor is dissipating its primary asset by reaching a secret agreement with PVDSA to encumber the Alleged Debtor's asserted lien rights in real property owned by Trigeant, Ltd. located in 6600

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Up River Road, Corpus Christi, Texas.  *See* Exhibit "A."  For these reasons, the Alleged Debtor's theory of bad faith is outlandish and utterly lacking of any merit.

## CONCLUSION

For all the foregoing reasons, the Court should grant summary judgment in favor of the Petitioning Creditors, pursuant to Federal Rules of Bankruptcy Procedure 1018 and 7056, on their involuntary petition and enter an order for relief against the Alleged Debtor under 11 U.S.C. § 303(b) and (h). In the event that the Court determines that complete summary judgment as requested herein is inappropriate due to the existence of one or more genuine issues of material fact, the Petitioning Creditors request that the Court grant partial summary judgment, pursuant to Federal Rule of Civil Procedure 56(d)(1) (incorporated in Fed. R. Bankr. P. 7056), specifying those facts that are not genuinely at issue and are established in this proceeding.

WHEREFORE, the Petitioning Creditors respectfully request that the Court grant summary judgment in favor of the Petitioning Creditors on their involuntary petition and enter an order for relief against BTB Refining, LLC under 11 U.S.C. § 303(b) and (h), and grant such other and further relief as the Court deems just and proper.

Dated: September 2, 2014          Respectfully Submitted,

**AKERMAN, LLP**
*Attorneys for Petitioning Creditors*
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: (954) 463-2700
Fax: (954) 463-2224


By: ___/s/ *Eyal Berger*_____
         Eyal Berger
         Fla. Bar No. 11069
         eyal.berger@akerman.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail and/or U.S. mail this September 2, 2014 to all parties listed on the attached service list.

By:  /s/ *Eyal Berger*
Eyal Berger

**AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999**

## SERVICE LIST

**14-26919-EPK Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Petitioning Creditor American Insulation
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Cox Tank Const, Inc.
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Sargeant Trading Ltd
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor TransMatrix, Inc
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Eyal Berger, Esq. on behalf of Petitioning Creditor Rex G. McDonnell, III
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Edward H. Davis, Jr. on behalf of Creditor Mohammad Anwar Farid Al-Saleh
edavis@astidavis.com, tcrockett@astidavis.com

Michael I Goldberg, Esq on behalf of Petitioning Creditor American Insulation
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I Goldberg, Esq on behalf of Petitioning Creditor Cox Tank Const, Inc.
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I Goldberg, Esq on behalf of Petitioning Creditor Sargeant Trading Ltd
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Michael I Goldberg, Esq on behalf of Petitioning Creditor Rex G. McDonnell, III
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Gregory S Grossman, Esq on behalf of Creditor Mohammad Anwar Farid Al-Saleh
ggrossman@astidavis.com, ngonzalez@astidavis.com

Jordi Guso, Esq. on behalf of Petitioning Creditor Sargeant Trading Ltd
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Charles H Lichtman on behalf of Petitioning Creditor Sargeant Trading Ltd
clichtman@bergersingerman.com,
lwebster@bergersingerman.com;jcloyd@bergersingerman.com;efile@bergersingerman.com

Isaac M Marcushamer, Esq. on behalf of Petitioning Creditor Sargeant Trading Ltd
imarcushamer@bergersingerman.com,

**AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999**

fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Cristina M Suarez on behalf of Creditor Mohammad Anwar Farid Al-Saleh
csuarez@astidavis.com

Charles W Throckmorton, Esq on behalf of Debtor BTB Refining LLC
cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL  33301-2999